The BOEING COMPANY,
Plaintiff–Appellee,

v.

COMMISSIONER OF PATENTS AND TRADEMARKS, Defendant,

and

Cegedur Societe De Transformation De L'Aluminum Pechiney,
Defendant–Appellant.

No. 87–1347.

United States Court of Appeals,
Federal Circuit.

July 29, 1988.

Robert D. Bajefsky, of Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., argued, for plaintiff-appellee. With him on the brief, was Lawrence M. Lavin, Jr.

Richard E. Schafer, of the Patent and Trademark Office, Arlington, Va., argued, for defendant PTO. With him on the brief, were Joseph F. Nakamura, Sol., and Fred E. McKelvey, Deputy Sol.

Steven B. Kelber, of Oblon, Fisher, Spivak, McClelland & Maier, Arlington, Va., argued, for defendant-appellant Cegedur.

Before DAVIS, NEWMAN and ARCHER, Circuit Judges.*

ARCHER, Circuit Judge.

Cegedur Societe De Transformation De L'Aluminum Pechiney (Cegedur) appeals from an order of the United States District Court for the District of Columbia, *The Boeing Company v. Quigg*, 2 USPQ2d 1723 (D.D.C.1987) [available on WESTLAW, 1987 WL 13196], denying Cegedur's motions for summary judgment and an award of costs and attorney fees and granting the joint motion of the Commissioner and The Boeing Company (Boeing) to remand a reexamination proceeding to the Patent and Trademark Office (PTO) and to dismiss without prejudice Boeing's appeal from the decision of the Board of Patent Appeals and Interferences (board) in that reexamination proceeding. We dismiss the appeal for lack of standing.

## Background

In 1983, Cegedur's predecessor-in-interest filed a request for reexamination, Reexamination Control No. 90/000383 ('383), of all claims of U.S. Patent 4,305,763 ('763), which was issued to William E. Quist and Michael V. Hyatt and assigned to Boeing. The PTO examiner determined that the request raised a substantial new question of patentability and ordered reexamination. The examiner rejected all claims under 35 U.S.C. § 103, and the board affirmed the rejection in 1985.

Boeing then filed suit in the district court seeking relief from the board's decision under 35 U.S.C. § 145. Cegedur moved to intervene in the section 145 action as a party defendant. The district court granted the motion, which was not opposed by the Commissioner or Boeing, but limited Cegedur's participation to "the issue of the patentability of the reexamination claims over patents and printed publications, and to the issues and contentions raised in the Patent and Trademark Office...."

During discovery in the section 145 action, two reports were produced which, in the opinion of the Commissioner, fully anticipated all the claims as amended during the '383 reexamination proceeding. These reports were (1) "Investigation to Develop a High Strength Stress–Corrosion Resistant Aluminum Aircraft Alloy," Final Re-

* Circuit Judge Davis, who died on June 19, 1988, took no part in the decision of this case.

port, Naval Air System Command Contract N0019–69–C–0292, and (2) "Investigation to Develop a High Strength Stress–Corrosion Resistant Aluminum Aircraft Alloy," Final Report, Naval Air System Command Contract N0019–70–C–0118. After a series of discussions, Boeing and the Commissioner agreed that Boeing would file a new request for reexamination citing the Naval Air System Command Contract reports and proposing amendments to the claims. Boeing and the Commissioner further agreed that each would seek to have the district court remand the '383 reexamination.

At the close of discovery, Cegedur filed a motion for summary judgment. Boeing filed a new request for reexamination, Reexamination Control No. 90/001,147 ('1,147), including therewith a proposed amendment narrowing the scope of all claims. Boeing and the Commissioner then filed motions for a remand to allow the '383 reexamination to be merged with the '1,147 proceeding. Following the motions for remand, Cegedur moved for costs and attorney fees, contending that Boeing had engaged in inequitable conduct before the PTO and the district court. In an order dated March 11, 1987 the district court granted the motions to remand, noting in its Memorandum Opinion of the same date that the PTO had granted the '1,147 reexamination request, and dismissed the case without prejudice and "with leave to reopen should review be deemed necessary at conclusion of the new reexamination."

### Issue

Whether Cegedur has standing to appeal the district court's decision.[1]

### Opinion

Article III limits the role of the federal courts to adjudication of actual "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 3324, 82 L.Ed.2d 556 (1984). Standing is one element of the case or controversy requirement, *id.*, and a

requirement for appellate jurisdiction. When the standing of a litigant is placed in issue, the court must undertake a two-step analysis which involves both constitutional and prudential limitations. *Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343 (1975). It must determine whether the litigant satisfies the requirements of Article III of the Constitution, *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 38, 96 S.Ct. 1917, 1924, 48 L.Ed.2d 450 (1976), and whether any prudential limitations restrain the court from exercising its judicial power, *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99–100, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979).

■ Although Cegedur intervened in the civil action below, its status as an intervenor, whether permissive or as of right, does not automatically confer on it standing to appeal. *Diamond v. Charles*, 476 U.S. 54, 68, 106 S.Ct. 1697, 1706, 90 L.Ed.2d 48 (1986) ("an intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III"). In order to establish standing to appeal, Cegedur must show that it has suffered some actual or threatened injury. *Gladstone, Realtors*, 441 U.S. at 99, 99 S.Ct. at 1607–08; *Warth v. Seldin*, 422 U.S. at 498–99, 95 S.Ct. at 2205. The injury alleged must be distinct and palpable. 422 U.S. at 501. It must be fairly traceable to the challenged action and relief from the injury must be likely to follow from a favorable decision. *Allen v. Wright*, 468 U.S. at 751, 104 S.Ct. at 3324; *Simon v. Eastern Kentucky Welfare Rights Organization*, 426 U.S. at 38, 96 S.Ct. at 1924.

■ Cegedur has alleged that it has standing because (1) Boeing and the Commissioner waived the issue of standing by not opposing Cegedur's motion to intervene as a matter of right pursuant to Fed.R.

---

**1.** Since we conclude that Cegedur lacks standing to appeal the order of the district court, the other issues raised on appeal have not been considered. These are whether the district court's order of remand and dismissal without

prejudice was an appealable order, whether the court erred in remanding the '383 reexamination proceedings, and whether the court erred in denying Cegedur's request for an award of costs and attorney fees.

Civ.P. 24(a)(2); (2) it has a right as a reexamination requestor under 35 U.S.C. § 302 to protest actions of the PTO which are not in accordance with the statutes and regulations governing reexamination practice; and (3) the continued existence of the '763 patent presents an obstacle to commerce which has resulted in a loss of business opportunities. Recognizing that Cegedur was the initiator of the '383 reexamination proceeding, paid the filing fee and prepared the request for reexamination, we nevertheless conclude that it lacks standing to bring this appeal.

Cegedur's contention that because the Commissioner and Boeing did not object to its intervention in the district court proceeding they waived any objection regarding Cegedur's standing to bring an independent appeal to this court is without merit. The issue of standing calls into question the power of the court to hear and decide a case, and it is impossible for a party to waive this requirement. A court must dismiss an appeal whenever it becomes apparent that jurisdiction is lacking. 5 C. Wright and A. Miller, *Federal Practice and Procedure* §§ 1350, 1393 (1969); *Ballard Medical Products v. Wright,* 823 F.2d 527, 530 n. 2 (Fed.Cir.1987).

Moreover, Cegedur incorrectly seeks to equate its independent appeal from the district court's order with an intervenor's participation in an appeal that has been initiated by a patent owner. In *Maine v. Taylor,* 477 U.S. 131, 136, 106 S.Ct. 2440, 2446–47, 91 L.Ed.2d 110 (1986), the Court held that "intervenors in lower federal courts may seek review in this Court on their own, so long as they have 'a sufficient stake in the outcome of the controversy' to satisfy the constitutional requirement of genuine adversity". *See also Diamond v. Charles,* 476 U.S. at 68, 106 S.Ct. at 1706. Thus, to maintain its appeal in this court Cegedur is required to independently establish its own standing and cannot rely on its intervenor status where the parties to the district court action have not appealed. *Id.* at 69, 106 S.Ct. at 1707.

Cegedur's contentions that it has standing as a consequence of its status as the reexamination requestor are also unpersuasive. While Cegedur had a right to file a request for reexamination under 35 U.S.C. § 302 and a contingent right to file a reply statement under 35 U.S.C. § 304, it had no right thereafter to participate in the reexamination process, 35 U.S.C. § 305. Moreover Cegedur was not entitled by statute to seek judicial review of the reexamination because that procedural route is available under 35 U.S.C. §§ 145 and 302 only to applicants and patent owners dissatisfied with decisions of the board. *See Yuasa Battery Co. v. Commissioner of Patents and Trademarks,* 3 USPQ2d 1143 (D.D.C. 1987) [available on WESTLAW, 1987 WL 9519] (requestor has no standing to appeal reexamination decision of board favorable to patent owner); *see also Diamond v. Charles,* 476 U.S. at 62, 106 S.Ct. at 1703 ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Article III's requirements").

Cegedur argues that *Reed v. Quigg,* 230 USPQ 62 (D.D.C.1986), and *In re Yamamoto,* 740 F.2d 1569, 222 USPQ 934 (Fed. Cir.1984), evidence a long history of permitting intervention by a reexamination requestor in a section 145 action in the district court. However, in these situations the patent owner had appealed the board's decision. This is a critical distinction, because it is abundantly clear from the statutory provisions and the cases that a reexamination requestor has no independent statutory right to bring a section 145 action. 35 U.S.C. §§ 301–07; *Yuasa Battery Co., supra.*

Finally, Cegedur contends that it possessed standing because 35 U.S.C. § 302 conferred upon it a right to have the requested reexamination proceeding conducted in accordance with the statutes and regulations. However, this court held in *McKinney v. United States Dep't of Treasury,* 799 F.2d 1544, 1550 (Fed.Cir.1986), that the mere assertion of a right to have the Government act in accordance with the law was not sufficient, in and of itself, to satisfy the injury requirement.

Prudential considerations are also relevant to the issue of standing. The Supreme Court has indicated that a federal court should normally refrain from exercise of its judicial power unless the litigant asserts an injury peculiar to himself or to a distinct group of which he is a part, rather than an interest shared in substantially equal measure by all or a large class of citizens, *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. at 100, 99 S.Ct. at 1608. In addition, the litigant must show that his complaint "fall[s] within the 'zone of interests' to be protected or regulated by the statute or constitutional guarantee in question," *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 474–75, 102 S.Ct. 752, 760, 70 L.Ed.2d 700 (1982) (citing *Association of Data Processing Service Organizations, Inc. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970)); *McKinney,* 799 F.2d at 1551.

Cegedur contends that it has suffered an injury—a loss of business opportunities due to the continued existence of the '763 patent—sufficient to give it independent standing to bring this appeal. The only alleged injury claimed by Cegedur is in its Brief in Support of Motion to Intervene where it stated that it "*may* seek to practice the technology ... circumscribed ... by the claims of [the '763 patent]." (Emphasis added.) It did not allege that Boeing threatened to sue it for infringement or that Boeing's conduct created a reasonable apprehension of such a suit. *See Jervis B. Webb Co. v. Southern Systems, Inc.,* 742 F.2d 1388, 222 USPQ 943 (Fed.Cir.1984). Under these circumstances, Cegedur's alleged injury is indistinguishable from any injury that the issuance of the patent might cause the general public. *Warth v. Seldin,* 422 U.S. at 499, 95 S.Ct. at 2205.

Furthermore, Cegedur is neither an applicant entitled to appeal under 35 U.S.C. § 145 nor a patent owner entitled to appeal under 35 U.S.C. § 306. Therefore, its alleged injury is not within the "zone of interests" protected by these statutes. 35 U.S.C. §§ 301–07; *see McKinney,* 799 F.2d at 1551. Accordingly, we conclude that

prudential limitations also counsel against standing.

Since Cegedur has failed to demonstrate that it satisfies the constitutional and prudential requirements necessary to sustain its standing on appeal, the appeal is dismissed.

DISMISSED.