**SYNTEX (U.S.A.) INC.,**
**Plaintiff–Appellant,**

v.

**U.S. PATENT & TRADEMARK OFFICE, Defendant–Appellee.**

No. 88–1652.

United States Court of Appeals, Federal Circuit.

Aug. 15, 1989.

David A. Lowin, Syntex (U.S.A.) Inc., Palo Alto, Cal., argued for plaintiff-appellant. With him on the brief was Tom M. Moran. Also on the brief were Harold C. Wegner and Douglas P. Mueller, Wegner & Bretschneider, Washington, D.C., of counsel.

John C. Hoyle, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were John R. Bolton, Asst. Atty. Gen., Henry E. Hudson, U.S. Atty. and John F. Cordes. Also on the brief were Fred E. McKelvey, Solicitor, John C. Martin, Nancy C. Slutter and Richard E. Schafer, Associate Solicitors, Patent & Trademark Office, Arlington, Va.

Before NIES and BISSELL, Circuit Judges, and BALDWIN, Senior Circuit Judge.

NIES, Circuit Judge.

Syntex (U.S.A.) Inc. appeals from the final order of the United States District Court for the Eastern District of Virginia, *Syntex (U.S.A.) Inc. v. Quigg [United States Commissioner of Patents and Trademarks]*, No. 88–0527–A, slip op. (E.D.Va. July 22, 1988) (Hilton, J.), dismissing Syntex's complaint on jurisdictional grounds. Syntex brought suit against the United States Patent and Trademark Office (PTO), alleging violation of its alleged rights as the requester of reexamination of another's patent, and sought to compel the PTO either to revoke the Reexamination Certificate and reopen the reexamination

proceedings upon which that Certificate had been issued or, alternatively, to refund the fee Syntex had paid for reexamination. Upon a motion by the PTO asserting that the district court lacked subject matter jurisdiction over the suit and that Syntex lacked standing, the district court dismissed the case. We affirm.

## I

### BACKGROUND

In 1983 the PTO issued United States Patent No. 4,423,244 ('244), which claims a process for preparing the chemical compound naproxen, and that patent was assigned to Alfa Chemicals Italiana S.p.A. In 1986, Syntex filed Reexamination Request No. 90/001,017 ('017 Reexamination) pursuant to 35 U.S.C. § 302 (1982),[1] citing three principal references. The PTO determined that Syntex's references raised "a substantial new question of patentability affecting" the patent claims, 35 U.S.C. § 303 (1982); 37 C.F.R. §§ 1.515, 1.525 (1988), and granted Syntex's request.

Once the PTO has ordered reexamination of a patent, the patent statute allows the patentee to file a statement addressing the new question of patentability, including any proposed amendments to the patent. 35 U.S.C. § 304 (1982); 37 C.F.R. § 1.530 (1988). Alfa did so. Syntex responded by filing a reply to Alfa's statement, as permitted by statute and implementing regulation. 35 U.S.C. § 304; 37 C.F.R. § 1.535 (1988). On April 2, 1987, the PTO issued a notice of its intent to issue a Reexamination Certificate. That notice prompted Syntex to file a petition to the Commissioner of Patents and Trademarks seeking to have the matter reconsidered because of certain procedural irregularities which Syntex alleged occurred during the '017 Reexamination.[2]

In its petition, Syntex alleged that: (1) the PTO conducted telephone interviews with Alfa before the first Office Action, contrary to 37 C.F.R. § 1.560(a) (1988); (2) Alfa failed to file, or to serve on Syntex, summaries of the interviews as required by 37 C.F.R. § 1.560(b) and by the PTO's *Manual of Patent Examining Procedure* § 2281 (5th ed. 1983 & 1987 rev. 6) [hereinafter "MPEP"];[3] (3) the PTO considered Alfa's "Reply to Requester's Statement" before beginning reexamination, contrary to 37 C.F.R. § 1.540 (1988); (4) Alfa's "Reply" directed the PTO to amend claim 1, which the PTO did, but the "Reply" was untimely under 37 C.F.R. § 1.530(b) (1988); (5) Alfa's "Reply" was not served on Syntex as required in a reexamination proceeding, 37 C.F.R. § 1.550(e) (1988); and (6) the PTO failed to issue any substantive office action evaluating patentability, contrary to the directive of MPEP §§ 2260, 2262.

The PTO returned Syntex's petition, citing 37 C.F.R. § 1.550(e) ("The active participation of the reexamination requester ends with the reply pursuant to § 1.535, and no further submissions on behalf of the reexamination requester will be acknowledged or considered."), and issued a Reexamination Certificate to Alfa. That certificate

---

1. Section 302 provides in pertinent part:

   Any person at any time may file a request for reexamination by the [PTO] of any claim of a patent on the basis of any prior art cited under the provisions of section 301 of this title. The request must be in writing and must be accompanied by payment of a reexamination fee established by the Commissioner of Patents pursuant to the provisions of section 41 of this title.

   *See also* 37 C.F.R. § 1.510 (1988). A person who requests reexamination of another's patent is identified herein as a "third-party requester" to distinguish from a requester who is the patent owner.

2. The petition referenced a general PTO regulation, 37 C.F.R. § 1.182 (1988), as authority for its filing. Section 1.182 provides in pertinent part:

   All cases not specifically provided for in the regulations of this part will be decided in accordance with the merits of each case by or under the authority of the Commissioner, and such decision will be communicated to the interested parties in writing.

3. The MPEP has no binding force on the courts, but it commands notice as an official interpretation of statutes and regulations with which it does not conflict. Patent attorneys and examiners commonly rely on the MPEP as a guide in procedural matters. *Litton Sys., Inc. v. Whirlpool Corp.*, 728 F.2d 1423, 1439, 221 USPQ 97, 107 (Fed. Cir.1984).

confirmed the patentability of certain claims as originally issued and of other claims as amended, and canceled two claims as unpatentable. Upon issuance of the Reexamination Certificate, Syntex filed this action in the district court against the PTO. The patent owner, Alfa, is not a party to the litigation.

By various counts in its complaint, Syntex asserted a right to have the PTO conduct a "proper" reexamination and asked the court to order the PTO to vacate the issuance of the Reexamination Certificate, to reopen the reexamination process at the point in the process immediately after Syntex filed its "Reply" to Alfa's initial statement, to assign the reexamination to a new examiner (asserting that the original examiner cannot serve as a neutral, disinterested arbiter), and to complete the reexamination in accord with PTO regulations. In the alternative, Syntex requested a refund of all or part of its reexamination fee ($1,770). Syntex framed counts under the Administrative Procedure Act, 5 U.S.C. § 702 (1982) (APA); U.S. Const. Amend. V; the Tucker Act, 28 U.S.C. § 1346(a)(2) (1982); the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202 (1982); and the mandamus statute, 28 U.S.C. § 1361 (1982). The PTO moved to dismiss the action on jurisdictional grounds.

The district court granted the PTO's motion for reasons stated from the bench. The court was unconvinced that Syntex had a right to judicial review of the challenged reexamination decision. Syntex's rights under the statute and regulations, the court held, included only the rights to initiate reexamination and to respond to the patent owner's initial statement, if any. The court found that Syntex had no right to challenge *how* the PTO conducts a reexamination, regardless of the manner in which the claim was pleaded. Accordingly, the district court dismissed the complaint on the dual jurisdictional grounds that it lacked subject matter jurisdiction and that Syntex had no standing to bring the suit. On appeal, Syntex challenges both rulings. Our jurisdiction is found in 28 U.S.C. § 1295(a) (1982).

## II

## OPINION

Under the patent statute, the patent owner is given a right to review of an examiner's final reexamination decision, 35 U.S.C. § 306 (1982), first before the PTO Board of Patent Appeals and Interferences under section 134, and then either by direct appeal of the board's decision to this court under section 141, or by suit against the PTO in district court with a right of appeal to this court under section 145. Syntex acknowledges that no specific right is provided in the patent statute for a third-party requester to seek review of an *examiner's* final decision either before the board or in the courts. Indeed, this suit followed the *Commissioner's* refusal to accept Syntex's petition; no error is asserted in the Commissioner's action, however, and that action is not appealed. Syntex asks that we treat the Commissioner's rejection of its petition as pursuit of its administrative remedy challenging the *examiner's* final decision. With that route exhausted, Syntex argues that it now has a right to review in the district court.

We need not analyze the jurisdictional basis asserted for each of Syntex's claims, because all are dependent on Syntex's theory, which we reject, that the patent statute impliedly grants Syntex, as a third-party requester, a right to review of the PTO's final decision at least in instances where it is alleged that the reexamination proceeding was not conducted in accordance with PTO regulations and established procedures.[4] As support for its the-

---

**4.** Even Syntex's Little Tucker Act claim alleges a breach of contract by reason of the "improper" reexamination. That Syntex seeks a refund under this claim, rather than reevaluation of the reexamination, does not change the insufficiency of the claim. In any event, payment of a fee for reexamination does not create a contract.

*See Patlex Corp. v. Mossinghoff,* 771 F.2d 480, 487, 226 USPQ 985, 990 (Fed. Cir.1985) (the fee charged, set by Congress and paid by those members of the public who seek the benefits of the reexamination service, is in the nature of a user fee).

ory, Syntex urges that this court recognized a comparable right in *Ethicon v. Quigg*, 849 F.2d 1422, 7 USPQ2d 1152 (Fed. Cir.1988), thus establishing as precedent that the district court has jurisdiction of a third-party requester's suit and that such requester has standing.

The government urges that an analysis of the statutory provisions shows that Congress precluded judicial review of a final reexamination decision at the behest of a third-party requester. To permit such a requester to obtain judicial review is inconsistent, per the government, with the essentially *ex parte* nature of reexamination. Alternatively, the government relies on the decision of this court in *Boeing Co. v. Commissioner of Patents and Trademarks*, 853 F.2d 878, 7 USPQ2d 1487 (Fed.Cir. 1988), as controlling on the question of Syntex's standing. In *Boeing*, a third-party requester was found to lack standing in this court because its allegations of injury were deficient. The government asserts that Syntex has also failed to allege the type of injury sufficient to confer standing.

Whether one looks at the question raised here as a matter of subject matter jurisdiction or lack of standing, the result is the same. In cases, such as this one, where a plaintiff asserts a procedural entitlement from a federal statute or implementing regulations, the District of Columbia Circuit has advised:

> [T]he standing and reviewability inquiries tend to merge. A plaintiff cannot claim standing based on violation of an asserted personal statutorily-created procedural right when Congress intended to grant that plaintiff no such right.

*Banzhaf v. Smith*, 737 F.2d 1167, 1170 n. * (D.C.Cir.1984). We agree with that conclusion and find it particularly applicable here.

The question of jurisdiction (subject matter or standing) requires a focus on the legal rights or interests which devolve from the relevant statute. Congress may provide for judicial review of some issues at the behest of particular parties but not others. *See, e.g., Block v. Community Nutrition Inst.*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455, 81 L.Ed.2d 270 (1984).

Thus, we start by looking first at the statute for the precise rights of a third-party requester conferred by that statute. *See United States v. Turkette*, 452 U.S. 576, 580, 101 S.Ct. 2524, 2527, 69 L.Ed.2d 246 (1981); *Reid v. Department of Commerce*, 793 F.2d 277, 281 (Fed. Cir.1986).

As an initial matter, the patent statute specifies that "[a]ny person" has the right to request reexamination (section 302). The category of third-party requesters is, thus, open-ended and includes, for example, attorneys representing a principal whose identity is not disclosed to the PTO or patentee. MPEP § 2281; *see also* 3 D. Chisum, *Patents* § 11.07[4] (1979 & Supp. 1988). If reexamination is granted, a third-party requester has the right to reply to any statement submitted by the patent owner in response to the PTO's order granting reexamination (section 304). The statute gives third-party requesters no further, specific right to participate in the reexamination proceeding. Indeed, the statute specifically prohibits further participation by third-party requesters during reexamination. *See* 35 U.S.C. § 305 ("[a]fter the times for filing the statement and reply provided for by section 304 of this title have expired, reexamination will be conducted according to the procedures established for initial examination"). Thus, a reexamination is conducted *ex parte* after it is instituted. *See In re Etter*, 756 F.2d 852, 859 n. 6, 225 USPQ 1, 5–6 n. 6 (Fed. Cir.), *cert. denied*, 474 U.S. 828, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985).

As indicated, the statute expressly (section 306) grants patent owners the right to review of the examiner's final reexamination decision, but not directly by a court. The decision appealed to a court is that of the board, which may review an examiner's decision unfavorable to the patent owner. The government has no right to review of an examiner or board decision favorable to the patent owner. Also, under 35 U.S.C. § 303(c) (1982), no one, not even the patent owner, may appeal a PTO decision denying a request for reexamination. In view of such a clear, comprehensive statutory scheme, it follows, at least tentatively, that

Congress intended to limit appeals from final reexamination decisions to those initiated by patent owners seeking to reverse an unfavorable decision.

Syntex does not discuss the specific statutory language. Instead, it cites the legislative history which shows, as Syntex asserts, that Congress meant reexamination to reinforce "investor confidence in the certainty of patent rights," H.R.Rep. No. 1307, 96th Cong., 2d Sess. 3, *reprinted in* 1980 U.S.Code Cong. & Ad.News 6460, 6462. Syntex asserts that third-party requesters "represent the important group of investors whose confidence in the certainty of patent rights was to be reinforced." These generalities are weak reeds for Syntex's interpretation of the statute, namely, that by implication the statute creates a right in third-party requesters to judicial review of the final reexamination decision where the Reexamination Certificate resulted from irregular or improper procedures. Indeed, a closer look at the legislative history negates Syntex's position.

Secretary of Commerce Richardson, referring to his proposed provision—containing language similar to the final language of section 306—governing the right to appeal, explicitly stated that under his proposal, "[n]either discovery nor appeals by the [reexamination requester other than the patent owner] would be permitted." *Industrial Innovation & Patent & Copyright Law Amendments: Hearings on H.R. 6933, 6934, 3806 & 2414 Before the Subcomm. on Courts, Civil Liberties & the Admin. of Justice of the House Comm. of the Judiciary*, 96th Cong., 2d Sess. 513 (1980). Moreover, PTO Commissioner Diamond stated in his testimony concerning H.R. 6933 and S. 2446: "Both bills provide for appeal or civil action from a final office determination on reexamination. This right of appeal, however, belongs only to the patent owner." *Id.* at 590, 594. *See also id.* at 97, 113 (statements of Donald Dunner, then President of the American Patent Law Association). Thus, contrary to Syntex's view, the legislative history provides no support for Syntex's position that it has a right to challenge the reexamination decision. That the decision is attacked here on procedural grounds does not make it any less a challenge to the final reexamination decision.[5]

Syntex asserts that *Ethicon*, 849 F.2d 1422, 7 USPQ2d 1152, supports its position. We do not find, however, that it either controls here or conflicts with a holding of no jurisdiction in this case. In *Ethicon*, a suit brought by a third-party requester, this court held, albeit without discussing the jurisdictional issues presented here, that the Commissioner's decision to stay a reexamination proceeding pending the outcome of litigation in a district court violated the statutory requirement that reexamination proceedings be "conducted with special dispatch." 35 U.S.C. § 305 (1982). Thus, a stay in reexamination defeated a specific obligation of the PTO imposed by Congress. This court recognized, *sub silencio*, that the requester had a right to have a reexamination proceed, once instigated, and that the district court had jurisdiction to vindicate that right.

Syntex urges that it asserts a right comparable to that implicitly recognized in *Ethicon* because the *Ethicon* plaintiff sought to have reexamination conducted "with dispatch" and Syntex seeks to have reexamination conducted "properly." The suggested parallel breaks down, however, when properly analyzed as a right to have reexamination *conducted* vis-a-vis a purported right to have a reexamination decision set aside. Nothing in the statute addressed review of the type of issue raised by the *Ethicon* plaintiff. This court was required to fill in a statutory gap. In contrast, the statute provides for review of the reexamination decision and expressly limits such review. To infer that Congress intended, nevertheless, to grant third-party requesters a right to judicial review of the PTO's final reexamination decision appears, as the government urges, wholly unwarranted in light of these provisions. The creation of a right or remedy in a third

---

**5.** Syntex's complaint attacked the substantive rulings on obviousness as well. Although those issues are not pursued on appeal, they indicate the full sweep of Syntex's attack below.

party to challenge a result favorable to a patent owner after *ex parte* prosecution would be unprecedented, and we conclude that such a right cannot be inferred. *Accord Yuasa Battery Co. v. Commissioner of Patents & Trademarks,* 3 USPQ2d 1143, 1144, 1987 WL 9519 (D.D.C.1987) (statutory provisions for reexamination do not "provide for judicial review of a decision rendered in a reexamination proceeding for any party other than the patent owner").

We also agree with the government that the *Boeing* decision provides significant guidance on the issue of standing. In *Boeing*, the patentee brought an action under 35 U.S.C. § 145 (1982) in district court challenging the Board's ruling on reexamination. The case was remanded, however, upon agreement of the patent owner and the PTO. The third-party requester, Cegedur, who intervened in the district court, sought to appeal. In dismissing Cegedur's appeal for lack of standing, the court acknowledged the limited rights conferred upon third-party requesters:

> While Cegedur had a right to file a request for reexamination under 35 U.S.C. § 302 and a contingent right to file a reply statement under 35 U.S.C. § 304, it had no right thereafter to participate in the reexamination process, 35 U.S.C. § 305. Moreover Cegedur was not entitled by statute to seek judicial review of the reexamination because that procedural route is available under 35 U.S.C. §§ 145 and 302 [sic, § 306] only to applicants and patent owners dissatisfied with decisions of the board. *See Yuasa Battery Co. v. Commissioner of Patents and Trademarks,* 3 USPQ2d 1143 (D.D.C.1987) (requestor has no standing to appeal reexamination decision of board favorable to patent owner); *see also Diamond v. Charles,* 476 U.S. [54] at 62,

[106 S.Ct. 1697, 1703, 90 L.Ed.2d 48 (1986)] ("The presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet Article III's requirements").

*Boeing,* 853 F.2d at 881, 7 USPQ2d at 1489.

As Cegedur did in *Boeing*, Syntex contends that it is injured because it was deprived of a properly conducted reexamination proceeding. The *Boeing* court unequivocally dismissed that injury as a basis for standing, stating:

> [T]his court held in *McKinney v. United States Dep't of Treasury,* 799 F.2d 1544, 1550 (Fed.Cir.1986), that the mere assertion of a right to have the Government act in accordance with the law was not sufficient, in and of itself, to satisfy the injury requirement.

*Id.* 853 F.2d at 881, 7 USPQ2d at 1489–90.

With respect to the remaining allegations of injury, the requirements for standing are fully set forth in Judge Archer's definitive *Boeing* opinion and need not be repeated or paraphrased here.[6] Suffice to say that, to the extent Syntex asserts injuries peculiar to itself, such injuries in large part flow, as in *Boeing*, from the existence of the patent.[7] Further, it is pure speculation that, had the patent been "properly" reexamined, all claims would have been canceled and Syntex's alleged "injuries" thereby alleviated. One aspect of standing is that the requested relief would rectify Syntex's alleged injuries. *Warth v. Seldin,* 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975).

We find unpersuasive Syntex's attempt to distinguish *Boeing* on the grounds that this is not an action under sections 306 and 145 and that Syntex, unlike Cegedur, is not an intervenor. These "distinguishing" factors merely explain why there was no

---

6. Although the decision considered standing to appeal, the concepts are equally applicable to standing at the trial level.

7. These include allegations that the presumption of validity for the '244 patent has been extended to include previously uncited art; the credibility of art cited during reexamination has been impeached; and Alfa is citing the reexamined patent in international jurisdictions whose laws

admit such evidence as evidence of patentability.

    The merits of Syntex's injury allegations, of course, have no bearing on the question of standing. *See Warth v. Seldin,* 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975) (for purposes of ruling on standing, both the trial and reviewing courts must accept as true all of material allegations in the complaint).

subject matter jurisdiction problem in *Boeing*. The *Boeing* court clearly had subject matter jurisdiction because the patent owner exercised a statutory right to bring suit in that court.

■ In sum, every perceived injury caused by improper agency action does not carry a right to immediate judicial redress. A right to immediate judicial review must be granted or reasonably inferred from a particular statute. For example, a potential infringer may not sue the PTO seeking retraction of a patent issued to another by reason of its improper allowance by the PTO. A remedy must await confrontation with the patent owner. The same is true with respect to a reissued patent. Although a third-party requester has some rights vis-a-vis the PTO, from our review of the entirety of the reexamination provisions, we conclude that such a requester has no right to challenge the validity of the Reexamination Certificate by suit against the PTO. As Congress stated in discussing the non-appealability provisions of Section 303(c):

> A party to a reexamination proceeding could still argue in any subsequent litigation that the PTO erred and that the patent is invalid on the basis of the cited prior art.

H.R.Rep. No. 1307, 96th Cong., 2d Sess. 7, *reprinted in* 1980 U.S.Code Cong. & Ad. News 6460, 6466. Syntex's remedy, if any, must await confrontation with the patent owner.

## III

## CONCLUSION

For the foregoing reasons, we affirm the district court's order dismissing Syntex's complaint for lack of jurisdiction.

**AFFIRMED**