NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1278

ANATOLY ROZENBLAT,

Plaintiff-Appellant,

v.

DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office,

Defendant-Appellee.

Anatoly Rozenblat, of Chicago, Illinois, pro se.

Raymond T. Chen, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Arlington, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were Scott C. Weidenfeller and Joseph G. Piccolo, Associate Solicitors.

Appealed from: United States District Court for the District of Columbia

Senior Judge James Robertson

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1278

ANATOLY ROZENBLAT,

Plaintiff-Appellant,

v.

DAVID J. KAPPOS, Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office,

Defendant-Appellee.

Appeal from the United States District Court for the District of Columbia in Case No. 08-CV-1909, Senior Judge James Robertson.

_____

DECIDED: September 16, 2009

_____

Before NEWMAN, RADER, and LINN, Circuit Judges.

PER CURIAM.

Mr. Anatoly Rozenblat appeals the decision of the United States District Court for the

District of Columbia, which dismissed his complaint without prejudice because it did not

meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

<u>Rozenblat v. Dudas</u>, No. 08-CV-1909 (D.D.C. Nov. 5, 2008). Because the district court did not abuse its discretion, the dismissal is <u>affirmed</u>.

DISCUSSION

Mr. Rozenblat filed a *pro se* complaint in the district court, with the nominal defendant Jon Dudas in his official capacity as Under Secretary of Commerce for Intellectual Property and Director of the United States Patent and Trademark Office. The complaint questions the patentability of U.S. Patent No. 6,199,519 ("the '519 patent"), entitled "Free-Piston Engine," identified on the patent as the invention of Peter Van Blarigan and assigned to Sandia Corporation. The complaint alleges that the Patent and Trademark Office ("PTO") illegally issued the '519 patent in view of copyrights and publications of Mr. Rozenblat, stating that several claims of the '519 patent "have similarity with my drawing and claims that show infringement of my above-shown intellectual works, having the early priority." The complaint requests a jury trial, technical expert testimony, and arbitration. No information or specificity, as to any ground of asserted invalidity, was presented in the complaint.

The district court held that the complaint did not meet the pleading requirements of Federal Rule 8(a). Rule 8(a) requires "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The Supreme Court discussed the requirements of Rule 8(a) in <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S.Ct. 1937 (2009),[1] holding that "a complaint must contain sufficient factual matter,

---

[1] Mr. Rozenblat has moved to strike the Director's citation of this case, which was decided after briefing was complete herein, as "supplemental authority." The motion is denied.

2009-1278                                    2

accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949 (citation omitted) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Dismissal under Rule 8(a) is a procedural aspect we review in accordance with the law of the regional circuit. Cf. McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1355-56 (Fed. Cir. 2007) (applying law of the regional circuit in reviewing dismissal under Federal Rule 12(b)(6)). The D.C. Circuit reviews the dismissal of an action where a complaint violates Rule 8(a) "only to determine whether the court abused its discretion." Ciralsky v. C.I.A., 355 F.3d 661, 668 (D.C. Cir. 2004).

On appeal, Mr. Rozenblat states that the district court failed to properly apply 35 U.S.C. §§102(a)–(b), 282, 283, and 301, 28 U.S.C. §1338(a), Rule 706 of the Federal Rules of Evidence, and Rule 26(b)(4) of the Federal Rules of Civil Procedure. The Director argues that the district court properly dismissed the complaint under Rule 8(a) because "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," quoting Ciralsky, 355 F.3d at 670 n.9. The Director also states that if the complaint is read as a challenge to the validity of the '519 patent—and we agree that this is a reasonable interpretation—the complaint is defective not only for the absence of any supporting detail, but also because a challenge to validity cannot be brought in a suit against the Director of the PTO.

Giving liberal interpretation to Mr. Rozenblat's complaint, he has not met the requirements of the Rule. He has presented no viable legal theory for suing the Director of the PTO, although he was advised in earlier cases on the same issue that this remedy was

not available.  See Rozenblat v. Sandia Corp. [and Peter Van Blarigan and the Patent and Trademark Office], No. 04 C 3289, 2005 WL 1126879 (N.D. Ill. May 2, 2005); No. 05-1556, 2006 WL 678923 (Fed. Cir. Mar. 17, 2006).  The Director again points out that invalidation of an issued patent by the PTO is available only through an interference proceeding, 35 U.S.C. §135, or reexamination, 35 U.S.C. §§301-318.  Such proceedings are not referred to in this filing in the district court.  In Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office, 882 F.2d 1570 (Fed. Cir. 1989), the court summarized that

> every perceived injury caused by improper agency action does not carry a right to immediate judicial redress.  A right to immediate judicial review must be granted or reasonably inferred from a particular statute.  For example, a potential infringer may not sue the PTO seeking retraction of a patent issued to another by reason of its improper allowance by the PTO.  A remedy must await confrontation with the patent owner.

Id. at 1576.  Absent any colorable basis for suing the Director, and absent exhaustion of any administrative remedies, see McKart v. United States, 395 U.S. 185, 193 (1969) ("The doctrine [of exhaustion of administrative remedies] provides 'that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted.'") (quoting Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 50-51 (1938))), the district court could not provide any relief to Mr. Rozenblat.

The dismissal of the complaint is affirmed.