NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JURIS ZANIS PUPOLS** AND
**JZP ENTERPRISE - USA,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Defendant-Appellee,*

AND

**TOPCO SALES, INC.,**
*Defendant.*

---

2010-1245

---

Appeal from the United States District Court for the Northern District of Indiana in Case No. 09-CV-0425, Judge Philip P. Simon.

---

Decided: January 12, 2011

---

JURIS ZANIS PUPOLS, of Niles Michigan, pro se.

RICHARD T. CHEN, Solicitor, Office of the Solicitor, United States Patent and Trademark Office, of Alexandria, Virginia, for the Director of the United States Patent and Trademark Office. With him on the brief were SCOTT C. WEIDENFELLER and JOSEPH G. PICCOLO, Associate Solicitors.

---

Before NEWMAN, LOURIE, and MOORE, *Circuit Judges.*

PER CURIAM.

Juris Zanis Pupols appeals from the final judgment of the United States District Court for the Northern District of Indiana dismissing his case without prejudice for failure to state a claim upon which relief could be granted. Because we agree with the district court that Pupols' complaint was deficient, we *affirm*.

## BACKGROUND

Pupols filed U.S. Patent Application 10/336,582 (the "'582 Application") in the United States Patent and Trademark Office ("USPTO") in response to which the USPTO issued a Notice to File Corrected Application Papers on December 11, 2003. The notice indicated that Pupols had failed to pay fees in the amount of $645 required for his application. On January 12, 2005, the USPTO mailed Pupols a Notice of Abandonment of the '582 Application because he had failed to pay the required fees. The Notice of Abandonment also informed Pupols that he could petition the USPTO to revive his application based upon either unavoidable delay or unintentional delay. Pupols petitioned the PTO to revive the application on account of unavoidable delay, which the USPTO denied on December 21, 2007. The PTO considered Pupols' arguments of financial hardship and physical

incapacitation, and concluded that he had not carried his burden of proof to show that the delay was indeed unavoidable. In its denial order, the USPTO noted that a person seeking revival of an application due to unintentional delay may file a petition under 37 CFR 1.137(b). Pupols did not file any other petitions in the USPTO.

On September 14, 2009, Pupols filed a *pro se* complaint in the District Court for the Northern District of Indiana against the USPTO, Topco Sales, Incorporated ("Topco"), "Martian Tucker Sr. formerly in the USA now in China Republic," and China. In his complaint, Pupols appeared to claim that he had invented a device that he described as "controllable reciprocating Ac/Dc powered specialty products for life enhancement," and had filed the '582 Application directed to that device. He alleged that Topco incorporated his invention into one of its devices and received a patent on it from the USPTO through "Cronyism & fraud, Theft," and due process violations by "USPTO agents."

The district court dismissed Pupols complaint without prejudice for failure to state a claim under Rule 12(b)(6). The court stated that Pupols' complaint was confusing and difficult to decipher. The court interpreted the complaint as seeking to allege a conspiracy between the USPTO, Topco, Martian Tucker, and China to defraud Pupols. The court held that USPTO was a government entity entitled to sovereign immunity against suits for money damages, and that China, as a foreign state, was entitled to immunity against suit. Moreover, the court concluded that Pupols had not alleged the elements of fraud necessary to state a claim under Rule 9(b). However, the court allowed Pupols to amend his complaint to remedy the deficiencies.

In his amendment, Pupols requested the "Supreme Court & Senate Judicial Oversight Committee to resolve any error in oversight the USPTO Agents may have had during review of their careers & Plaintiffs Patent Application." He also requested "Cease & Desist of all Reciprocating Powered Merchandise from Topco Sales Inc." Additionally, he stated a demand for 7.5 billion dollars for "Recovery of losses, business & personal." The district court found that the amendment did not correct any of the deficiencies of the original complaint and did not allege any facts to show why Pupols was entitled to any form of relief. The court therefore dismissed the case on December 23, 2009.

Pupols timely appealed the district court's decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

## DISCUSSION

A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question, which we review under regional circuit law. *C & F Packing Co., Inc. v. IBP, Inc.*, 224 F.3d 1296, 1306 (Fed. Cir. 2000). The Seventh Circuit reviews *de novo* dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), including dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii), which provides that a district court must dismiss the case of a plaintiff proceeding *in forma pauperis* if the action fails to state a claim on which relief may be granted. *DeWalt v. Carter*, 224 F.3d 607, 611-12 (7th Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

On appeal, Pupols' informal briefs are just as difficult to decipher as those at the district court. He appears to make the same claims as those in his district court complaint and amendment, in essence, appealing the district court's denial of his claim for 7.5 billion dollars in royalties as well as the court's refusal to grant a cease and desist order against Topco.

The USPTO responds that section 1915(e)(2)(B) requires a district court to dismiss cases such as this, where the complaint fails to state a claim on which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. It argues that Pupols' allegations of conspiracy are bare allegations with no factual basis. It notes that the district court lacked the authority to compel either the Supreme Court or the Senate Judicial Oversight Committee to review errors of the USPTO employees.

We agree with the USPTO that Pupols' complaint was properly dismissed. The district court carefully reviewed Pupols' original complaint and amendment, and properly concluded that Pupols' allegations failed to state a claim that was plausible on its face. The only decipherable claims in the complaint are possibly those of conspiracy and fraud, but Pupols failed to clearly allege any of the elements of conspiracy and fraud. The statements in his complaint, even if interpreted in a manner most favorable to him, amount only to bare allegations. He failed to meaningfully plead any facts that support those allegations against the defendants. Pupols' conclusory statements are insufficient to enable a court to draw a

reasonable inference that the defendants named in his complaint are indeed liable for any of the misconduct that he alleges. *Iqbal*, 129 S. Ct. at 1949.

To the extent that Pupols alleges ownership of the patent awarded to Topco, we agree with the district court that he may not sue the USPTO over an inventorship issue involving his invention and Topco's patent. *See Syntex (U.S.A.) Inc. v. U.S. Patent & Trademark Office*, 882 F.2d 1570, 1576 (Fed. Cir. 1989) ("[A] potential infringer may not sue the PTO seeking retraction of a patent issued to another by reason of its improper allowance by the PTO."). The district court was also correct in concluding that Pupols had failed to plead any exception to the statutory immunity available to the foreign state of China.

Pupols also appears to argue that the district court failed to assign him an attorney and did not consider his disabilities in dismissing the case. Because denial of a litigant's request for appointment of counsel is not unique to patent disputes, we apply the law of the regional circuit, here, the Seventh Circuit. *In re Pioneer Hi-Bred Int'l, Inc.*, 238 F.3d 1370, 1374 (Fed. Cir. 2001) (issues that are not unique to patent disputes are reviewed under regional circuit law). The Seventh Circuit reviews that issue for an abuse of discretion. *Pruitt v. Mote*, 503 F.3d 647, 658 (7th Cir. 2007) (en banc). Civil litigants are not, as a matter of right, entitled to court-appointed counsel in federal court, and only under exceptional circumstances will a court appoint counsel for indigent litigants. *Romanelli v. Suliene*, 615 F.3d 847, 852 (7th Cir. 2010). The district court found that Pupols had failed to make any reasonable attempt to secure counsel to represent him in this case prior to requesting court-appointed counsel. We agree with the district court's finding and we see no

exceptional circumstances that merit an appointment of counsel here.  It was therefore within the sound discretion of the district court to deny Pupols' request.  *See Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995) ("As a threshold matter, a litigant must make a reasonable attempt to secure private counsel.").

To the extent Pupols argues that the district failed to consider his *pro se* status and review his complaint accordingly, we disagree.  The district court was mindful that *pro se* complaints are held to a less stringent standard than formal pleadings drafted by attorneys.  The court allowed Pupols to amend his complaint and advised him to "follow the dictates of Rule 8" in doing so.  The court dismissed the case only after Pupols failed to meaningfully amend his complaint to allege facts that showed he was entitled to any form of relief.

Pupols further appears to seek revival of his abandoned patent application.  We decline to address that issue because it was not raised or addressed in the district court.  We have considered Pupols' remaining arguments and find them unpersuasive.  Because Pupols failed to meet even the low bar for *pro se* litigants to avoid dismissal under Rule 12(b)(6), the district court properly dismissed his complaint.  Accordingly, we *affirm*.

**AFFIRMED**