Allen L. McALEAR, Petitioner,

v.

MERIT SYSTEMS PROTECTION
BOARD, Respondent.

Appeal No. 86–1164.

United States Court of Appeals,
Federal Circuit.

Nov. 25, 1986.

Allen L. McAlear, Bozeman, Mont., pro
se.

Llewellyn M. Fischer, Acting Gen. Counsel, Mary L. Jennings, Associate Gen.
Counsel for Litigation, Marsha E. Mouyal,
Reviewer of Litigation and Calvin M. Morrow, Merit Systems Protection Bd., Washington, D.C., submitted for respondent.

Before DAVIS, SMITH and NIES, Circuit Judges.

DAVIS, Circuit Judge.

This appeal concerns an unpaid former
lawyer for a discharged Government employee who seeks his remedy (for payment
for his successful services) in the wrong
forum. Petitioner McAlear, an attorney, is
the prior representative of Nancy L.
McBeen, a former employee of the Department of the Interior (DOI) who appealed to
the MSPB to review DOI's refusal to accept the withdrawal of her resignation and
DOI's separation of her from her position.
The presiding official reversed her separation and ordered reinstatement. McAlear
then filed a request for attorney fees which
was held to be premature. Before the full
Board considered the merits of the removal
matter, Ms. McBeen substituted another
representative for McAlear and the latter
sought to withdraw from the case as well
as to be permitted to refile his motion for
fees. Thereafter, the full Board denied the
DOI's petition for review, granted McAlear's motion to withdraw, and also his
motion to be permitted to refile his fee
request.

Very shortly, McBeen (acting through
her new representative) and DOI settled
the adverse action by a full release under
which McBeen received a total of $150,-
000.00 in compensation, and in return she
agreed voluntarily to resign from the agency (as of the effective date of the original
resignation which she had withdrawn).
McBeen also agreed to withdraw her pending request to the MSPB for attorney fees
(and any further MSPB proceedings on this
adverse action) together with the concomitant equal opportunity proceeding she had
filed.[1] The release provided explicitly that
"McBEEN agrees to defend and hold
AGENCY [DOI] harmless in any action or
proceeding brought by Allen L. McAlear,
McBEEN's former representative, against
AGENCY which alleges any property right
of McAlear in said sum of $150,000.00."

---

1. The settlement agreement provided "that the
$150,000.00 is to be paid to the order of

McBEEN and her [new] representative EMPLOYMENT RIGHTS CENTER" in one check.

After McBeen withdrew her request to the Board for attorney fees, McAlear sought from the Board attorney fees out of the $150,000.00 settlement (or, apparently, from the agency) because of the time he spent representing McBeen in the MSPB proceedings. The presiding official held that, because of the full settlement and release between McBeen and DOI and the failure of McAlear to establish that the MSPB has authority to enforce an attorney's lien, the MSPB no longer had jurisdiction to award attorney fees to McAlear, and accordingly dismissed McAlear's motion for such fees. The full Board denied review. This appeal followed.

The short of this case is that the MSPB has no jurisdiction, in the particular circumstances of this case, either to award fees to McAlear or to enforce any attorney's lien he may have against the settlement money. The Civil Service Reform Act, 5 U.S.C. § 7701(g)(1), provides for payment of attorney fees, not solely on the attorney's request, but to the "prevailing *party*" (emphasis added), and here Ms. McBeen, as the prevailing *party*, has plainly and explicitly withdrawn any request to the Board for attorney fees. That being so, there was no cognizable request for such fees before the MSPB. Petitioner McAlear, even though he is McBeen's former lawyer-representative, cannot, on his own and contrary to the expressed wishes and agreement of the prevailing party, call upon the MSPB to decide the reasonableness of his fee request or to impose a lien on the settlement funds awarded to McBeen. As indicated in the release-and-settlement agreement, his claim, if any, is against Ms. McBeen or the agency or the settlement fund—in any event, in some forum other than the Board. The latter is an administrative agency, the powers of which are restricted to the statutory authority given to it by Congress. Those powers do not include, in this situation, authority to aid an attorney whose "prevailing party" client has expressly agreed not to ask attorney fees from the MSPB.

AFFIRMED.