Nancy J. JENSEN, Petitioner,

v.

The DEPARTMENT OF
TRANSPORTATION,
Respondent.

Appeal No. 88–3023.

United States Court of Appeals,
Federal Circuit.

Sept. 29, 1988.

Charles Padorr, Fort Worth, Tex., submitted, for petitioner.

Brian A. Mizoguchi, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., submitted, for respondent. With him on the brief, were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Robert A. Reutershan, Asst. Director. Also on the brief, was James O. Price, Asst. Regional Counsel, Federal Highway Admin., Fort Worth, Tex., of counsel.

Before FRIEDMAN, SMITH, and BISSELL, Circuit Judges.

EDWARD S. SMITH, Circuit Judge.

This case results from the removal by the U.S. Department of Transportation of Nancy J. Jensen (Jensen). The Merit Systems Protection Board (board), in a final decision dated September 25, 1987, modifying and affirming the addendum initial decision of the board, dated July 2, 1985, denied Charles Padorr (Padorr), Jensen's counsel, the full amount of the attorney fee award. The board awarded a portion of the attorney fee award to Jensen's estate.[1] We reverse and remand.

## I. *Issue*

The principal question on appeal is one of first impression: Is an attorney fee award under the Civil Service Reform Act properly payable to the attorney, or to the client? The specific issue presented is whether the board erroneously limited the attorney fee award because the attorney would not agree on the record to reimburse his client.

## II. *Background*

On July 25, 1980, Jensen was terminated from her secretarial position with the U.S. Department of Transportation and she appealed the termination to the board. The board denied relief on the basis that, because Jensen was a probationary employee, it did not have jurisdiction. Thereafter, Jensen appealed to the United States Court of Appeals for the Fifth Circuit, which court remanded to the board, finding that Jensen had the rights of a nonprobationary employee.[2] Following remand, Jensen received a gross backpay award in the amount of $20,771.20.

When Jensen originally retained Padorr in this case, she entered into a contingent fee agreement by which she agreed to pay Padorr 40 percent of the amount of any backpay award, or the amount of any attorney fee award, whichever was greater. Although entitled to 40 percent of this award,

---

**1.** *Jensen v. Department of Transp.,* 35 M.S.P.R. 297 (1987).

**2.** *Jensen v. Lewis,* 663 F.2d 105 (5th Cir.1981).

or $8,308.48, Padorr agreed to accept $5,846.24, waiving and releasing Jensen from the obligation to pay the remaining balance ($2,462.24) of his fee. In consideration, Padorr obtained the authorization to pursue and the right to receive any attorney fee award made by the board.

After receiving the backpay award, Padorr then filed a request with the board on March 11, 1982,[3] for attorney fees, pursuant to the Civil Service Reform Act.[4] After the board denied relief in an order dated March 22, 1984, Padorr filed a petition for review with this court. On January 11, 1985, this court reversed the board's decision, held that an award of attorney fees was warranted in the interest of justice, and remanded the case to the board for further proceedings on the amount of the award.[5]

On remand, the board ordered Padorr to agree to reimburse Jensen for the attorney fees which she had already paid. Padorr advised the board that he had received the right to pursue and to receive any fee awarded, and that Jensen had relinquished this right in consideration for Padorr having waived part of his fee. Thereafter, the board, in an initial decision, found that attorney fees of $16,423.53 were reasonable and warranted, but withheld payment of $5,846.24 because Padorr refused to reimburse Jensen that amount. The board then ordered, in a final decision, that a check in the amount of $5,846.24 be sent to Jensen's estate, and it was so sent.[6] Padorr, seeking to obtain the final $5,846.24, then filed a petition for review with this court.

### III. *Analysis*

Before turning to the precise question raised, we must establish the statutory framework in which it appears. Pursuant to 5 U.S.C. § 7701(g)(1), the attorney fees provision in the Civil Service Reform Act (CSRA), "the Board * * * may require payment by the agency involved of reasonable attorney fees incurred by an employee * * * if the employee * * * is the prevailing party and the Board * * * determines that payment by the agency is warranted in the interest of justice."

■ It is well settled that "the board is given great discretion under section 7701(g)(1) in awarding attorney fees and consequently this court will accord the board's determination great deference."[7] However, under 5 U.S.C. § 7703(c), the board's decision shall be set aside if it is determined by us to be arbitrary, capricious, an abuse of discretion, in disaccord with the law, obtained without following procedures required by law, rule, or regulation, or is unsupported by substantial evidence.[8]

The issue before this court is one of first impression. The board has considered it and, in the *Blessin* case, stated "[i]t is the Board's view * * * that the [attorney fee] award must go to counsel rather than [to] the parties which pay their fees."[9] The board has also stated that the attorney should agree on the record to reimburse his client for the prepayment in whole or in part of the fee awarded.[10]

In other instances where a request is made for the award of attorney fees, the courts have ordered that the award must go to counsel. Under the Civil Rights Attorney's Fees Awards Act of 1976,[11] which authorizes an attorney fee award to the "prevailing party," the award must go to counsel rather than to the entities which

---

3. Jensen died on October 14, 1982, while the action was pending before the board.

4. 5 U.S.C. § 7701(g)(1) (1982).

5. *Jensen v. Merit Sys. Protection Bd.,* 765 F.2d 155 (Fed.Cir.1985).

6. *Jensen,* 35 M.S.P.R. at 299–300.

7. *Sterner v. Department of the Army,* 711 F.2d 1563, 1568 (Fed.Cir.1983).

8. *Hayes v. Department of the Navy,* 727 F.2d 1535, 1537 (Fed.Cir.1984).

9. *Blessin v. Department of the Navy,* 26 M.S.P.R. 615, 617 (1985).

10. *O'Donnell v. Department of the Interior,* 2 M.S.P.R. 445, 454 n. 10 (1980).

11. 42 U.S.C. § 1988 (1982).

pay their salaries to avoid a windfall.[12]

Furthermore, a leading commentator in the field, Peter Broida, states that the board makes attorney fee checks payable to counsel. Broida also takes the view that disputes over attorney fees and their reimbursement to clients are the province of disciplinary boards, not the Merit Systems Protection Board.[13]

In the proceeding below, the board determined that Padorr was only entitled to receive $10,577.29 of the total amount of reasonable attorney fees warranted in the interest of justice. As grounds for its decision, the board found that, because Padorr had already received $5,846.24 from Jensen and would not agree to reimburse Jensen's estate for that amount, Padorr would be receiving double benefits if he were allowed to collect the full amount of the attorney fee award. Although Padorr asserted before the board that he had agreed to waive part of his fee in exchange for the right to receive the full amount of any later attorney fee award, the board concluded that, in view of the board's case law,[14] to award Padorr the total attorney fee award would result in a windfall, because Jensen had already reimbursed Padorr for a portion of his services. We disagree.

■ Although we are not bound by the case law precedent of the board, we are in complete agreement with the holding in *Blessin* that the attorney fee award must be paid to counsel rather than to the parties who pay their fees.[15] In the past, the board has required the attorney to agree on the record to reimburse his client for any fees already received. While such an agreement by the attorney may be enforceable, an attorney's refusal to make such an

agreement is no ground to reduce the attorney fee award payable to the attorney. We find no reimbursement requirement within the statutory language of the CSRA. The board should look no further than to determine whether an attorney-client relationship exists. Once the board makes this determination, the board must make the attorney fee award payable to the attorney. It was error for the board to pay only a portion of the reasonable attorney fee award to Padorr simply because Padorr failed to agree on the record to reimburse Jensen.

## IV. *Conclusion*

In view of the foregoing, we hold that the decision of the board, modifying and affirming the board's initial decision that ordered the payment of the remainder of the fee award to Jensen's estate, is not in accordance with the law.[16] Accordingly, the decision of the Merit Systems Protection Board is reversed, and we remand with instructions that the board order the agency to pay Padorr $5,846.24 in attorney fees.

**REVERSED AND REMANDED.**

FRIEDMAN, Circuit Judge, concurring in the result.

If the Board had held that because Padorr already had received $5,846.24 from Jensen, Padorr was entitled to receive from the government only the difference between that amount and the $16,423.53 that the Board found was a reasonable fee, I would have upheld that ruling. The Board's statutory obligation is to "require payment by the agency involved of reasonable attorney fees incurred by an employ-

---

12. *Wilderness Soc'y v. Morton,* 495 F.2d 1026, 1037 (D.C.Cir.1974), *rev'd on other grounds sub nom. Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). *See also Brandenburger v. Thompson,* 494 F.2d 885, 889 (9th Cir.1974).

13. P. Broida, *A Guide to Merit Systems Protection Board Law & Practice* 1004 (1987).

14. The board supported its position by reference to *Blessin,* 26 M.S.P.R. at 617 (attorneys should reimburse their clients for attorney fees paid to prevent loss to clients and to avoid double bene-

fits to attorneys), and *O'Donnell,* 2 M.S.P.R. at 454 (to avoid double benefits to counsel, an attorney who secures a fee award must repay the client for any fees already received, and the attorney should agree on the record to reimburse his client for the prepayment in whole or in part of the fee awarded). *Jensen,* 35 M.S.P.R. at 299.

15. *Blessin,* 26 M.S.P.R. at 617.

16. 5 U.S.C. § 7703(c) (1982); *see Hayes,* 727 F.2d at 1537.

ee'...." 5 U.S.C. § 7701(g)(1) (1982). I see no reason why, because of an agreement by which the client has assigned to the attorney a percentage of any fee that may be awarded, the government should be required to pay the attorney the full amount the Board determined is a reasonable fee, when the result is that the attorney receives more than the reasonable fee. In my view, the government satisfies its obligation under the statute to pay a reasonable attorney fee when it pays the attorney an amount that, when added to the fee the client already has paid the attorney, equals that reasonable fee.

The Board, however, did not place its decision on that ground. Instead, it awarded the full amount it determined to be a reasonable fee to the attorney, but only on condition that the attorney refund to the client the amount the client previously had paid the attorney. When the attorney refused to do so, the Board then deducted that amount from the fee and paid it directly to the client's estate.

I agree with the court that the Board has no authority either to require an attorney who applies for a fee to refund part of that fee to the client or to pay a portion of the attorney fee directly to the client. Since we review the Board's decision on the ground the agency gave for it, *see Securities and Exch. Comm'n v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947); *Turner v. Merit Sys. Protection Bd.*, 806 F.2d 241, 246 (Fed.Cir. 1986), I agree with the court that the Board's decision cannot stand. I therefore join in the court's decision to reverse and remand.