930 F.2d 38
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
James A. LONG, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 Nos. 91-3029, 91-3042 and 91-3043.
 United States Court of Appeals, Federal Circuit.
 March 11, 1991.
 
 Before ARCHER, MICHEL and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Mr. Long appeals the orders of the Merit Systems Protection Board (Board), Nos. NY075282P9051/NY075282C0675 (Sept. 20, 1990). The Board denied Mr. Long's petitions to review the dismissals of his actions for back pay overtime and for recovery of fees from attorneys who represented him before the Board, the United States Equal Opportunity Employment Commission (EEOC), and the United States Bankruptcy Court. This court affirms.
 
 
 2
 The Postal Service employed Mr. Long as a letter carrier. In 1982, the Postal Service removed Mr. Long after he assaulted a fellow employee. Mr. Long appealed to the Board which reduced the removal penalty to a 30-day suspension. Mr. Long then appealed the 30-day suspension to the EEOC alleging that the suspension and proposed removal were based on race, age, and reprisal discrimination. The EEOC overturned Mr. Long's suspension and ordered the award of back pay and benefits for the suspension period. The EEOC also awarded attorney fees.
 
 
 3
 The Postal Service paid Mr. Long's back pay claim. Mr. Long filed a motion with the Board for attorney fees for the removal action. The Board granted the motion but reduced the amount of the award. The Postal Service paid Mr. Long's attorney directly. Mr. Long subsequently petitioned the Board to award the attorney fees directly to him and to get back pay for the 30-day suspension period. The Board denied the petition after the Postal Service showed that it had previously paid both claims. Mr. Long then filed a petition with the Board for overtime on the back pay awarded for the period July 1982 to April 1983. Additionally, Mr. Long asked the Board to help him recover the fees paid to his attorney.
 
 
 4
 The Board correctly treated Mr. Long's petitions as requests to reopen and reconsider previous appeals to the Board. The Board dismissed the attorney fees petition for lack of jurisdiction on March 8, 1990. The Board correctly held that the Postal Service should have paid the fee award to Mr. Lang's attorney. Jensen v. Department of Transp., 858 F.2d 721, 724 (Fed.Cir.1988). Moreover, the Board is not the appropriate forum for disputes between attornies and clients over fees.
 
 
 5
 The Board dismissed the back pay motion for untimeliness on March 16, 1990. On April 13, 1983 the Postal Service paid Mr. Long back pay for the time he had been removed from his position. On July 18, 1983 the Postal Service notified Mr. Long that it had complied with the Board's decision by making the back payments. Under 5 C.F.R. Sec. 1201.182(a) (1990), any petition for enforcement of a final decision by the Board filed more than 30 days after service of the notice of compliance must show good cause for delay and request an extension of time. Mr. Long filed his petition for enforcement of the back pay award more than 6 years after service of the Postal Service's notice of compliance. His petition failed to show good cause for delay. Thus, the Board did not err in dismissing Mr. Long's untimely petition.
 
 
 6
 Mr. Long also appeals disbursements ordered by a United States Bankruptcy Judge in a Chapter 13 proceeding against him, citing 28 U.S.C. Secs. 1291, 1292 & 1295 as jurisdictional bases. This court refuses to consider Mr. Long's claims because they were not and could not be raised before the MSPB. This court is not the proper forum for Bankruptcy Court appeals. The United States District Courts have jurisdiction over appeals of Bankruptcy Court orders. 28 U.S.C. Secs. 158(a), 1334 (West Supp.1990). This court is excepted from reviewing district court decisions unless they fall within its specific jurisdictional limitations. Section 1291 of Title 28 states:
 
 
 7
 "The courts of appeals (other than the United States Court of Appeals for the Federal Circuit) shall have jurisdiction of appeals from all final decisions of the district courts of the United States.... The jurisdiction of the United States Court of Appeals for the Federal Circuit shall be limited to the jurisdiction described in sections 1292(c) and (d) and 1295 of this title."
 
 
 8
 28 U.S.C. Sec. 1291 (West Supp.1990); see also 28 U.S.C. Sec. 1294. Moreover, it appears that these claims are raised for the first time in this appeal. Therefore, this court dismisses them.