# United States Court of Appeals for the Federal Circuit

05-6003

JANICE F. WILLIS

Petitioner,

v.

GOVERNMENT ACCOUNTABILITY OFFICE

Respondent.


Janice F. Willis, of Fairfax, Virginia, pro se.

Lincoln Schroth, Senior Attorney, United States Government Accountability Office, of Washington, DC, argued for respondent. With him on the brief were Joan M. Hollenbach, Managing Associate General Counsel and Barbara J. Simball, Assistant General Counsel.

Appealed from: United States Government Accountability Office, Personnel Appeals Board

# United States Court of Appeals for the Federal Circuit

05-6003

JANICE F. WILLIS,

Petitioner,

v.

GOVERNMENT ACCOUNTABILITY OFFICE,

Respondent.

_____

DECIDED:  May 17, 2006

_____

Before BRYSON, LINN, and DYK, Circuit Judges.

Opinion for the court filed by Circuit Judge DYK.  Dissenting opinion filed by Circuit Judge BRYSON.

DYK, Circuit Judge.

Janice F. Willis ("Willis"), an attorney, appeals the decision of the Personnel Appeals Board (the "Board") of the United States Government Accountability Office ("GAO") declining under the fee-shifting provision of the Civil Service Reform Act, 5 U.S.C. § 7701(g)(1), to award the full amount of attorney's fees requested by Willis and her former client Sandra P. Davis ("Davis").  Davis has not appealed.  Because Willis lacks standing to contest the Board's decision, we dismiss the appeal.

## BACKGROUND

Willis initially represented Davis, who was employed by GAO, in a proceeding before the Board asserting a number of claims of unlawful conduct by GAO personnel.

After discovery and an evidentiary hearing, Davis terminated Willis and retained Nora V. Kelly ("Kelly"). On July 26, 2002, the Administrative Judge issued an initial decision rejecting all but one of Davis' claims -- the claim that Davis' performance appraisals had been lowered in a manner inconsistent with GAO's published orders in violation of 5 U.S.C. § 2302(b)(12). The Administrative Judge ruled in Davis' favor on the remaining claim, ordering GAO to increase Davis' performance appraisals and awarding Davis back pay in the amount she would have received had the appraisals been conducted properly. Both GAO and Davis appealed to the full Board; Kelly handled Davis' appeal. The full Board affirmed the initial decision in a final decision issued July 11, 2003.

After issuance of the Board's final decision, Davis filed a request for attorney's fees pursuant to 5 U.S.C. § 7701(g)(1). Davis requested $128,867.17 for (1) 335.25 hours representing the pre-hearing portion of Willis' work, and (2) Kelly's work during the appellate stage of the litigation. Davis declined to request $63,325.00 that Willis billed Davis for Willis' work during the evidentiary hearing because, as Davis explained in her fee request, she viewed the amounts billed as excessive. The Administrative Judge granted Willis' motion to intervene in the proceedings, on the condition that Willis could not request any fees beyond those requested by Davis. Nevertheless, Willis filed a separate fee request that not only supported the amounts claimed by Davis, but also sought fees for Willis' work during the evidentiary hearing, which Davis had expressly declined to request.

The Administrative Judge held that Davis' success qualified her as a "prevailing party" entitled to attorney's fees under the statute. With respect to the claims advanced by both Davis and Willis, the Administrative Judge rejected the contention that Willis'

fees should be calculated at an hourly rate of $335.00, which was substantially higher than the $150.00 hourly rate Willis actually charged Davis, and discounted a number of the hours claimed for Willis' work as duplicative, insufficiently documented, or unnecessary. The Administrative Judge reduced the total number of hours Davis claimed for Willis' work by 20 percent because of the inconsistent quality of Willis' pretrial filings and the fact that the majority of Davis' claims were ultimately rejected. The Administrative Judge also rejected Willis' separate request for additional amounts not requested by Davis on the grounds that her additional request violated the express condition in the Administrative Judge's order allowing Willis to intervene, and that "Ms. Willis, who could not be characterized as a 'prevailing petitioner' [under the statute and regulations], had no right to file an independent request for attorney's fees." Davis v. U.S. General Accounting Office, Nos. 00-05, 00-08, slip op. at 24 (G.A.O.P.A.B. June 15, 2004). Ultimately, the Administrative Judge awarded Davis $46,345.60 in fees.

Both Davis and Willis appealed to the Board. Davis argued that that the Administrative Judge erred in reducing the amount that she claimed. Willis argued that the Administrative Judge erred in rejecting her separate claim for additional compensation attributable to her work during the evidentiary hearing. In a final decision issued March 2, 2005, the Board affirmed, rejecting Davis' and Willis' contentions and adopting the Administrative Judge's findings of fact and conclusions of law. With respect to Willis' request for additional fees not claimed by Davis, the Board concluded that "Ms. Willis has no independent right to file a Request for Attorney Fees because 4 C.F.R. § 28.89 provides that 'the petitioner, if he or she is the prevailing party, may submit a request for the award of reasonable attorney's fees and costs.'" Davis v. U.S.

05-6003                                             3

<u>General Accounting Office</u>, Nos. 00-05, 00-08, slip op. at 12 (G.A.O.P.A.B. Mar. 2, 2005).

Willis alone appealed to this court. We have jurisdiction pursuant to 31 U.S.C. § 755(a).

DISCUSSION

The necessary threshold question in this case is whether Willis has standing to appeal the Board's decision to this court. Willis' primary theory of standing is that she has a right to receive fee payments under the statute separate and apart from her client's right to fees. This theory of standing is essential to Willis' claim for fees for the trial work -- fees that were not included in Davis' fee request. Alternatively, Willis may be arguing that she has the right to assert on appeal her client's right to the recovery of fees that were claimed before the Board but not allowed. In either event, we conclude that Willis lacks standing.

I

We first address Willis' contention that she has standing because she has an independent right to claim fees under the statute. Because Article III standing implicates the court's constitutional authority to adjudicate disputes, it can be neither waived, <u>Boeing Co. v. Comm'r of Patents & Trademarks</u>, 853 F.2d 878, 881 (Fed. Cir. 1988), nor assumed, <u>FW/PBS, Inc. v. City of Dallas</u>, 493 U.S. 215, 230-31 (1990); thus, federal courts have an independent obligation to examine Article III standing even if the issue was not raised by the parties or addressed in the decision below. <u>FW/PBS</u>, 493 U.S. at 230-31; <u>Dowd v. United States</u>, 713 F.2d 720, 726 (Fed. Cir. 1983).

05-6003                                          4

Article III standing is required at all stages of federal litigation, including appeals. Korczak v. Sedeman, 427 F.3d 419, 420 (7th Cir. 2005); see, e.g., Diamond v. Charles, 476 U.S. 54, 68 (1986); Boeing, 853 F.2d at 880. "[A]n intervenor's right to continue a suit in the absence of the party on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III." Diamond, 476 U.S. at 68 (citations omitted).

To establish Article III standing, Willis must allege that she has suffered an "'injury in fact' -- an invasion of a legally protected interest . . . ." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (plurality opinion). Because "[t]he actual or threatened injury required by Art. III may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing," standing "often turns on the nature and source of the claim asserted." Warth v. Seldin, 422 U.S. 490, 500 (1975) (internal quotation marks omitted). Under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, et seq. (2000), a plaintiff seeking to set aside unlawful agency or executive action may have Article III standing even though he has no direct claim under a substantive statute. See Richard H. Fallon, Jr., et al., Hart and Wechsler's The Federal Courts and the Federal System 154-60, 158 n.3 (5th ed. 2003).

However, a different rule applies where the plaintiff is independently seeking monetary relief and the APA does not apply. In such circumstances, we have held that the plaintiff must be within the class of persons legally protected by the statute under which the individual seeks relief. For example, in Ortho Pharmaceuticals Corp. v. Genetics Institute, Inc., 52 F.3d 1026, 1030-31 (Fed. Cir. 1995), we held that nonexclusive patent licensees lack Article III standing to sue for infringement because

"economic injury alone does not provide standing to sue under the patent statute . . . . a licensee must hold some of the proprietary sticks from the bundle of patent rights," otherwise the licensee "suffers no legal injury from infringement and, thus, has no standing . . . ." See also Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc., 248 F.3d 1333, 1345 (Fed. Cir. 2001) ("[A] nonexclusive license . . . confers no constitutional standing on the licensee under the Patent Act to bring suit or even to join a suit with the patentee because a nonexclusive (or 'bare') licensee suffers no legal injury from infringement.").

Thus, Willis lacks independent standing unless she has a right to claim fees under the statute.

II

There is no separate attorney's fees statute applicable to proceedings before the GAO Board. However, Congress, in 31 U.S.C. § 753(e)(1), made section 7701(g), which governs the recovery of attorney's fees in actions before the Merit Systems Protection Board, applicable to actions before the GAO Board. Section 753(e)(1) provides that "[t]he [GAO Personnel Appeals] Board shall prescribe regulations . . . providing for officer and employee appeals consistent with sections 7701 and 7702 of title 5." 31 U.S.C. § 753(e)(1) (2000). The Board has issued a regulation implementing section 7701(g), providing that the Board will award attorneys fees "consistent with the standards set forth at 5 U.S.C. 7701(g)." 4 C.F.R. § 28.89 (2005).

Section 7701(g), provides:

[T]he Board . . . may require payment by the agency involved of reasonable attorney fees incurred by an employee or applicant for employment if the employee or applicant is the prevailing party and the

> Board . . . determines that payment by the agency is warranted in the interest of justice . . . .

5 U.S.C. § 7701(g)(1) (2000).

Thus, the question is whether section 7701(g) grants attorneys a legally protected interest independently to assert a claim for a fee award. We conclude that it does not.

In Evans v. Jeff D., 475 U.S. 717 (1986), the Supreme Court addressed a similar question under another fee-shifting statute, 42 U.S.C. § 1988(b).[1] In a settlement agreement, a plaintiff class composed of children, through their guardians and attorney, agreed to waive attorney's fees under section 1988(b) provided that the waiver was approved by the district court. Id. at 720-22. The district court approved the settlement, but the plaintiffs nevertheless moved for leave to file a fee request, arguing that the attorney's fees waiver provision of the settlement agreement was prohibited by section 1988(b). The district court declined to invalidate the waiver provision and denied the motion. Id. at 723-24. The Ninth Circuit reversed, holding that fee waivers in settlement agreements were only allowable "on a showing of unusual circumstances." Jeff D. v. Evans, 743 F.2d 648, 652 (9th Cir. 1984). Perceiving no such unusual circumstances, the Ninth Circuit remanded "for determination of reasonable attorney's fees." Id.

In addressing the permissibility of the fee waiver, the Supreme Court considered whether the right to claim fees belonged to the prevailing party or the attorney. The Court held that "the language of [section 1988(b)], as well as its legislative history,

---

[1] Section 1988(b) provides, in pertinent part: "In any action or proceeding to enforce a provision of" one of the enumerated civil rights statutes, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b) (2000).

05-6003             7

indicated that Congress bestowed on the 'prevailing <u>party</u>' (generally plaintiffs) a statutory eligibility for a discretionary award of attorney's fees . . . ." <u>Evans</u>, 475 U.S. at 730 (internal footnote omitted). The Court made clear that section 1988(b) "neither bestowed fee awards upon attorneys nor rendered them nonwaivable or nonnegotiable." <u>Id.</u> at 731-32; <u>see also</u> <u>Venegas v. Mitchell</u>, 495 U.S. 82, 87-89 (1990) ("[W]e have recognized that it is <u>the party's</u> entitlement to receive the fees [under § 1988] . . . . [W]e have . . . rejected the argument that the entitlement to a § 1988 award belongs to the attorney . . . ." (emphasis added)). The Court also concluded that district courts have discretion to approve or invalidate a waiver of attorney's fees pursuant to Federal Rule of Civil Procedure 23(e), and that the district court did not abuse its discretion in approving the waiver. <u>Id.</u> at 729-30, 741-43.

We perceive only three possible differences between <u>Evans</u> and this case. First, <u>Evans</u> arose under a different statute, 42 U.S.C. § 1988(b), rather than 5 U.S.C. § 7701(g)(1), which is involved here. For present purposes, we see no meaningful difference in the language of the two statutes; each provides for fee recovery by the "prevailing party" rather than the attorney. Nor does the sparse legislative history persuade us that section 7701(g)(1) should be interpreted differently. Indeed, the Senate Committee report concerning section 7701(g)(1) spoke of the government's obligation to "reimburse" successful claimants who paid attorney's fees out of pocket during litigation. S. Rep. No. 95-969, at 60-61 (1978), <u>as reprinted in</u> 1978 U.S.C.C.A.N. at 2782-83. The Board's regulations also make clear that only a "prevailing party" is entitled to request attorney's fees under section 7701(g). 4 C.F.R. § 28.89 (2002). Under the Supreme Court's longstanding rule that federal fee-shifting

statutes are to be interpreted consistently,[2] we conclude that there is no meaningful difference between section 1988(b) and section 7701(g)(1) for present purposes. Indeed, shortly after the Supreme Court's decision in <u>Evans</u>, our court followed the <u>Evans</u> approach under section 7701(g)(1). <u>McAlear v. Merit Sys. Protection Bd.</u>, 806, F.2d 1016, 1017 (Fed. Cir. 1986).

The second possible difference between this case and <u>Evans</u> is that <u>Evans</u> did not directly involve a claim by the attorney to assert the fee award, but rather presented a claim by the prevailing party that waivers of fee claims in settlements were not permissible under section 1988(b). But we are bound not only by the Court's ultimate holding, but also by its underlying reasoning. In holding that the fee could be waived, the Court clearly concluded that the fee award claim belonged to the client rather than the attorney. In <u>McAlear</u>, we specifically addressed the question of whether an attorney could continue to claim fees pursuant to section 7701(g)(1) after the client waived the right to seek fees in a settlement agreement. 806 F.2d at 1016-17. Because the client in the settlement agreement had "plainly and explicitly withdrawn any request to the [Merit Systems Protection Board ("MSPB")] for attorney fees[,]" we concluded that the attorney could not "on his own and contrary to the expressed wishes of the prevailing party," assert a claim. <u>Id.</u> at 1017.

---

[2] <u>Buckhannon Bd. & Care Home, Inc. v. W.V. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 n.4 (2001); <u>Indep. Fed'n of Flight Attendants v. Zipes</u>, 491 U.S. 754, 758 n.2 (1989) ("[F]ee shifting statutes' similar language is 'a strong indication' that they are to be interpreted alike." (quoting <u>Northcross v. Memphis Bd. of Educ.</u>, 412 U.S. 427, 428 (1973)); <u>Hensley v. Eckhart</u>, 461 U.S. 424, 433 n. 7 (1983) (the Court's interpretation of "prevailing party" in section 1988 is "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'"); <u>Augustine v. Dep't of Veterans Affairs</u>, 429 F.3d 1334, 1343 n.5 (Fed. Cir. 2005).

The third possible distinction between this case and Evans is that in Evans, the client explicitly surrendered the right to a fee award by settlement whereas here there was no settlement, only the failure by the client to pursue a larger award in the first instance and the failure by the client to appeal from the award of a lesser amount than the client originally claimed. Again, we do not see how this distinction suggests a different outcome. If the client can compromise the fee award, the client can equally decline to claim it in the first instance or to pursue it on appeal. The client's lack of interest does not transfer the client's right to the attorney.

We conclude that Evans establishes that only the prevailing party and not the attorney has the right to assert a claim for attorney's fees under the statute.

III

Nothing in our decision in Jensen v. Department of Transportation, 858 F.2d 721 (Fed. Cir. 1988), requires a different result. Jensen, an adverse action claimant, paid a portion of her lawyer's fees. The Merit Systems Protection Board then awarded fees under section 7701(g)(1), withholding from the award the amount that the claimant had already paid the attorney "because [the attorney] refused to reimburse [the claimant] that amount." Id. at 723. We held that the attorney is entitled to collect the fees awarded under section 7701(g)(1), and we remanded and instructed the Board to release the entire fee award to the attorney. Id. at 724. Evans was not discussed in Jensen, and we have no occasion here to consider whether Evans would have required a different outcome in Jensen.

In any event, Jensen does not suggest that the attorney has a right to claim the fees in the first instance. Under fee-shifting statues in general, there is a distinction

between the party's entitlement to claim an award of fees and the attorney's right to receipt of fees that are awarded.[3]  The Ninth Circuit has agreed that Evans established that the entitlement to request fees belongs solely to the party.  Pony v. County of L.A., 433 F.3d 1138, 1142-43 (9th Cir. 2006); United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 577 (9th Cir. 1996).  But the Ninth Circuit, like our court, has also recognized the attorney's right to collect the fees awarded.  We agree with the Ninth Circuit's description of this distinction:

> [T]he attorney remains at the mercy of the client, who can either demand attorneys' fees from the defendant, or not, as he chooses.  If the client chooses not to ask for the fees, the attorney has no standing to request them. . . . Of course, the attorney cannot then look to the defendant for payment. . . . On the other hand, . . . the client himself is not entitled to keep the fees which are measured by and paid on account of the attorneys' services.

Virani, 89 F.3d at 577; see also Pony, 433 F.3d at 1142.[4]  We therefore conclude that Jensen is fully consistent with our conclusion that under the statute only the prevailing party has the right to claim fees.  Willis accordingly has no right under the statute to claim fees, and lacks Article III standing to directly assert a claim for attorney's fees.

---

[3]     But cf. FDL Techs., Inc. v. United States, 967 F.2d 1578, 1580-81 (Fed. Cir. 1992) (holding that the client rather than the attorney has the right to collect fees awarded under the Equal Access to Justice Act, 5 U.S.C. § 504(a)(1); distinguishing Jensen based on differences in statutory language and legislative history).

[4]     Virani and Pony both contain language indicating that a certain right "vests" in the attorney.  Virani, 89 F.3d at 578 ("Once the power [to demand that the defendant pay attorney's fees] is exercised [by the plaintiff], however, the attorney's right vests, and the defendant's duty becomes fixed."); Pony, 433 F.3d at 1142 ("Once the prevailing party exercises her right to collect fees, the attorney's right to collect them vests, and he may then pursue them on his own.").  As Virani demonstrates, the right that vests in the attorney is the right to receipt of fees that are awarded.  See Virani, 89 F.3d at 580 ("After Virani exercised his power to have the fee assessed against Lewis, he decided that he would like to receive the fee himself.  He cannot; the fee must go to [the attorney].").  Neither case suggests that an attorney has a right to independently pursue the award, and not just the right to receipt of the award.

This leads to the second possible basis of standing – Willis' assertion that she may pursue Davis' claim to the fee award. Generally, a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth, 422 U.S. at 499.

But there are exceptions, and the Supreme Court's decision in Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989), is illustrative. There, a law firm challenged the application of a federal criminal forfeiture statute to assets of a criminal defendant that were needed to pay the defendant's attorney's fees, arguing that refusing to allow the payment of fees from the forfeited amounts violated the defendant's Sixth Amendment right to counsel. The defendant had entered into a plea agreement in which he agreed to forfeit to the government all assets specified in the indictment. Id. at 619-21. The defendant's law firm sought fees from the forfeited amounts. The district court held that the assets necessary to pay the attorney's fees were not subject to forfeiture, but the Fourth Circuit reversed, holding that the statute was constitutional and contained no exception for attorney's fees. Id. at 621-22. The Supreme Court, while rejecting the claim on the merits, held that the law firm satisfied the requirements of Article III standing, concluding that "there can be little doubt that petitioner's stake in . . . the forfeited assets -- which it would almost certainly receive if the Sixth Amendment claim it advances here were vindicated -- is adequate injury in fact to meet the constitutional minimum of Article III standing." Id. at 623 n.3. We agree that, under Caplin & Drysdale, Willis, who under Jensen has a claim to collect any fees

that are awarded, may well satisfy the injury in fact requirement for Article III standing insofar as Willis seeks recovery of fees claimed by Davis.[5]

However, we need not address that issue because we conclude that in any event Willis does not satisfy the requirements for prudential standing.  In general, prudential standing requirements consist of "judicially self-imposed limits on the exercise of federal jurisdiction." Allen v. Wright, 468 U.S. 737, 751 (1984).  These prudential limitations on standing include "the general prohibition on a litigant's raising another person's legal rights . . . ." Id.  In Caplin & Drysdale, the Court set forth three factors pertinent to the question whether a litigant should be allowed to assert the rights of a third party: "the relationship of the litigant to the person whose rights are being asserted; the ability of the person to advance his own rights; and the impact of the litigation on third-party interests."  491 U.S. at 623-24 n.3.  The Supreme Court concluded that these factors supported standing in Caplin & Drysdale, even though there were no obstacles to the criminal defendant's advancing his own claim, because "[t]he attorney-client relationship . . . is one of special consequence," and because "the statute at issue here may materially impair the ability of third persons in [the defendant's] position to exercise their constitutional rights." Id. at 624 n.3 (internal quotation marks omitted).

In contrast to the situation in Caplin & Drysdale, Willis does not satisfy the requirements for prudential standing.  To be sure, Willis has an attorney-client relationship with Davis, which the Supreme Court recognized as being "of special consequence." Id.  However, Davis is clearly free to assert the fee claim, and there is

---

5    But see Pony, 433 F.3d at 1145-47 (attorney challenging a settlement in which the client waived statutory attorney's fees lacked Article III standing because the attorney's financial stake depended on the outcome of the litigation and was thus too "speculative").

no need to recognize Willis' standing in order to avoid impairment of Davis' right to attorney's fees.[6] Indeed, Davis' ability to claim fees would be impaired if Willis were afforded standing because Davis' ability to resolve her fee claim by settlement with the government, and her ability to present her best case for a fee award, would be undermined if Willis could independently pursue an award. We agree with the Ninth Circuit that "[a] litigant is granted third-party standing because the tribunal recognizes that her interests are aligned with those of the party whose rights are at issue . . . ." Pony, 433 F.3d at 1147. Thus, affording standing to the attorney "would contravene the policies and rationale on which the doctrine of third-party standing is based." Id. at 1148. Under these circumstances an attorney cannot satisfy the requirements for prudential standing.

CONCLUSION

Accordingly, we hold that section 7701(g)(1) grants the "prevailing party," not the attorney, a legally protected interest in claiming attorney's fees, and Willis thus lacks Article III standing to assert an independent claim for attorneys fees. While the attorney, in attempting to assert the client's interest, may have an interest in collecting the fee award sufficient to satisfy the injury in fact requirement of Article III, the attorney

---

[6] This might be a different case if an attorney were asserting, for example, that the prevailing party's refusal to seek attorney's fees were itself somehow coerced or contrary to public policy. However, Evans itself has already established that the prevailing party's waiver of fees is permissible.

fails to satisfy the requirements of prudential standing. Willis' appeal must be dismissed

because Willis lacks standing either independently or as a representative of Davis.[7]

DISMISSED.

COSTS

No costs.

---

[7]     We recognize that there were contrary court of appeals decisions prior to the Supreme Court's decision in <u>Evans</u>. <u>See, e.g.</u>, <u>Lipscomb v. Wise</u>, 643 F.2d 319, 320 (5th Cir. 1981). Insofar as <u>Evans</u> compels the conclusion we reach here, we need not consider the extent to which such decisions remain authoritative. Since <u>Evans</u>, only the Seventh Circuit has reached the opposite conclusion. <u>See</u> <u>Mathur v. Bd. of Trs. of S. Ill. Univ.</u>, 317 F.3d 738, 741-42 (7th Cir. 2003); <u>Samuels v. Am. Motors Sales Corp.</u>, 969 F.2d 573, 576-77 (7th Cir. 1992); <u>Lowrance v. Hacker</u>, 966 F.2d 1153, 1156 (7th Cir. 1992); <u>Richardson v. Penfold</u>, 900 F.2d 116, 117 (7th Cir. 1990). These Seventh Circuit decisions do not discuss <u>Evans</u>, and, to the extent that they hold that an attorney may appeal the merits of a fee award in the absence of an appeal by the party, we think that they are inconsistent with <u>Evans</u>, and we decline to follow them.

# United States Court of Appeals for the Federal Circuit

05-6003

JANICE F. WILLIS,

Petitioner,

v.

GOVERNMENT ACCOUNTABILITY OFFICE,

Respondent.

BRYSON, Circuit Judge, dissenting:

I agree that Ms. Willis is not entitled to an increase in the attorney fee award in this case. I reach that conclusion by a different path than the majority, however. In my view, this appeal should not be dismissed for lack of standing. Ms. Willis has a financial interest in the outcome of the dispute, and that financial interest is sufficient to satisfy the case or controversy requirement of Article III. The Supreme Court said as much in Caplin & Drysdale, Chartered v. United States, 491 U.S. 617 (1989). In that case, a law firm sought an exemption for its fees from an order forfeiting its client's assets. The Supreme Court noted that the law firm had plainly satisfied the case-or-controversy requirement of Article III because it had suffered an injury-in-fact. As the Court explained, "there can be little doubt that [the law firm's] stake in . . . the forfeited assets . . . is adequate injury-in-fact to meet the constitutional minimum of Article III standing." Id. at 623 n.3. With respect to Article III standing, Ms. Willis is in the same position as

the law firm in the <u>Caplin & Drysdale</u> case. She contends that she has a legal right to be paid her fee through a fee award from the Government Accountability Office ("GAO"), and that she will be entitled to receive that award if her factual contentions are sustained. Like the law firm in <u>Caplin & Drysdale</u>, Ms. Willis has clearly satisfied the injury-in-fact requirement: she has a financial stake in the matter that is "distinct and palpable"; there is a "fairly traceable connection" between her injury and the challenged action; and there is "a likelihood that the requested relief will redress the alleged injury." <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 102-03 (1998); <u>see</u> <u>Lipscomb v. Wise</u>, 643 F.2d 319, 320 (5th Cir. 1981) (attorneys have Article III standing to appeal denial of fee award because "[i]f the district court's order is affirmed, they will suffer an economic injury in fact").

Ms. Willis's legal argument is that the regulations of the Personnel Appeals Board ("PAB"), 4 C.F.R. § 28.89, and the statute referenced in those regulations, 5 U.S.C. § 7701(g)(1), give her an independent right to pursue a fee award. This is not a case in which Ms. Willis is attempting to enforce the rights of a third party. Her position throughout the fee award litigation has been that she is independently entitled to request and receive attorney fees for her work in connection with this case. Thus, her claim is not barred either by Article III standing limitations or by prudential standing concerns. Her case turns instead on whether she has a cause of action to enforce the statutory right to fees, and if so whether she has established the right to an increased award. <u>See</u> <u>Davis v. Passman</u>, 442 U.S. 228, 239-40 & n.18 (1979) ("<u>standing</u> is a question of whether a plaintiff is sufficiently adversary to a defendant to create an Art. III case or controversy, or at least to overcome prudential limitations on federal-court

jurisdiction . . . ; <u>cause of action</u> is a question of whether a particular plaintiff is a member of the class of litigants that may, as a matter of law, appropriately invoke the power of the court"); <u>Steel Co.</u>, 523 U.S. at 97 (determining whether plaintiff was a party entitled to sue under a federal environmental statute "is an issue of statutory standing. It has nothing to do with whether there is case or controversy under Article III").[1]

On the merits, it is questionable whether Ms. Willis has a cause of action in a case like this one—i.e., whether an employee's former attorney in a PAB proceeding is entitled to seek fees on her own behalf and appeal from a fee award decision without the participation of the employee. The PAB regulations provide that it is the employee who must request an attorney fee award, which suggests that the attorney does not have a right to request fees (or, by implication, to appeal from an award that the attorney regards as inadequate). The GAO, however, did not raise that issue on appeal. In fact, at oral argument the GAO acknowledged that Ms. Willis was entitled to appeal the attorney fee award, at least with respect to the issues as to which she was allowed to intervene in the PAB proceedings. The GAO has thus expressly waived any

---

[1]     The patent standing cases to which the majority refers are not analogous. Because the injury caused by patent infringement exists only by virtue of rights created by the Patent Act, a nonexclusive licensee who has no statutory patent right suffers no cognizable injury. <u>See</u> <u>Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal.</u>, 248 F.3d 1333, 1346 (Fed. Cir. 2001). By contrast, Ms. Willis has invested time and resources in representing Ms. Davis and thus, like the law firm in <u>Caplin & Drysdale</u>, has a financial stake in the payment of her fee (and a corresponding financial injury) that was not created solely by the applicable attorney fee statute and regulation. The question whether and under what circumstances the statute and regulation grant her a right to relief is thus a merits issue, not an issue of Article III standing. The better analogy is found in antitrust law, where the Supreme Court has distinguished between "antitrust standing" and standing as a constitutional doctrine. <u>See</u> <u>Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 535 n.31 (1983) ("Harm to the antitrust plaintiff is sufficient to satisfy the constitutional standing requirement of injury in fact, but the court must make a further determination whether the plaintiff is a proper party to bring a private antitrust action.").

argument that Ms. Willis is barred from proceeding with her claim because she has no statutory or regulatory right to pursue it. For that reason, I would address the merits of Ms. Willis's claim that the fee award was too low. In doing so, I would uphold the decision of the PAB, which was plainly justified for the reasons thoroughly canvassed by the Board and by the administrative judge. I would therefore affirm the decision below rather than dismiss the appeal.