**David MANUEL, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 07–276C.

United States Court of Federal Claims.

Aug. 10, 2007.

David Manuel, pro se, Santa Monica, California.

Christopher J. Carney, United States Department of Justice, Civil Division, Washington, D.C., counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

### I. Relevant Factual Background And Procedural History.[1]

On May 3, 2007, David Manuel, a *pro se* plaintiff ("Plaintiff"), filed a Complaint in the United States Court of Federal Claims against the Government for allegedly providing false or misleading information regarding the existence of a Bureau within the Department of Commerce, known as the Minority

Business Development Agency ("MBDA"). The Agency is the successor agency to the Office of Minority Business Enterprise and was created by Executive Order No. 11, 625 in 1971 to provide opportunities for minority businesses across the country. *See* Exec. Order No. 11,625, 3 C.F.R. § 36 (1971–1975). The stated purpose of the agency is to encourage the creation, growth, and expansion of minority-owned businesses in the United States by providing, "minority entrepreneurs with one-on-one assistance in writing business plans, marketing, management and technical assistance and financial planning to assure adequate financing for business ventures." [2]

The Complaint alleges that Plaintiff was misled to believe "false information" about the MBDA, because in attempting to learn about the agency, Plaintiff found that it no longer existed or had been changed. *See* Compl. ¶ 1. Although the Complaint is not specific as to the nature of the "false information," or exactly how he received it, Plaintiff appears to believe that the Government is criminally liable for not promptly disseminating updated information to the public about the MBDA, because agencies "that no longer exist should be known to the public as soon as possible." [3] *Id.* From this, the court assumes that Plaintiff's basic premise is the following: if the Government is in some way involved with an organization or agency, and that agency in some way changes, the Government must identify and make those changes known to the public immediately, or face criminal prosecution. *Id.*

Plaintiff filed the Complaint against the Government for "false information" related to the MBDA, pursuant to 18 U.S.C. § 1038

---

1. The relevant factual background is derived from: Plaintiff's May 3, 2007 Complaint ("Compl."); and Defendant ("Government")'s July 5, 2007 Motion for Summary Dismissal ("Gov't Mot. Dis.").

2. This information can be found on the MBDA's website. *See* MBDA, The Basics, *available at,* http://www.mbda.gov./?section_id =643 & content_id=3143 & well=entire_page (last visited August 7, 2007).

3. Contrary to the Complaint's allegations, the MBDA is a fully functional Bureau with the Unit-

ed States Department of Commerce. *See* Science, State, Justice, Commerce, and Related Agencies Appropriations Act, Pub.L. No. 109–108, 119 Stat. 2290 (2005); Revised Continuing Appropriations Resolution, Pub.L. No. 110–5, 121 Stat. 8 (2007) (funding federal agencies at fiscal year 2006 appropriations level). Congress continues to appropriate the funds needed to maintain the MBDA's essential functions. *Id.* For the purposes of this motion, however, the court assumes the truthfulness of Plaintiff's allegations. *See Henke v. United States,* 60 F.3d 795, 797 (Fed.Cir.1995).

of the Federal Criminal Code. Compl. ¶ 1; *see also* 18 U.S.C. § 1038. Section 1038, titled "False information and hoaxes," states in relevant part that "[w]hoever engages in any conduct with intent to convey false or misleading information under circumstances where such information may reasonably be believed and where such information indicates that an activity has taken, is taking, or will take place that would constitute a violation of [various statutes relating to weapons and explosives, terrorist acts, and related activities] may be imprisoned or fined." 18 U.S.C. § 1038(a)(1). According to the Complaint, this provision, in tandem with Sections 1038(b)[4] and 1038(c)(3),[5] entitles Plaintiff to financial compensation in the amount of $10,000 for the false information he received about the MBDA. *See* Compl. ¶¶ 1, 3. The Complaint further specifies that Plaintiff seeks the entire amount in two increments. *Id.* ¶ 3. The first payment requested is in the amount of $5,000, and represents the false information regarding the "nonexistence" of the agency. *Id.* The second payment, also in the amount of $5,000, relates to the false information allegedly obtained regarding the nonexistence of the MBDA's Program Director, Barbara Curry. *Id.* ¶ 1.

On July 5, 2007, the Government filed a Motion for Summary Dismissal, pursuant to RCFC 12(b)(1).

## II. DISCUSSION.

### A. Subject Matter Jurisdiction.

The jurisdiction of the United States Court of Federal Claims is established by the Tucker Act. *See* 28 U.S.C. § 1491. The Act grants the court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* The

Tucker Act, however, is merely "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages ... the Act merely confers jurisdiction upon it whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Therefore, in order to pursue a substantive right within the jurisdictional reach of the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States,* 386 F.3d 1091, 1094 (Fed.Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States,* 402 F.3d 1167, 1172 (Fed.Cir.2005) (en banc) ("The Tucker Act does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.'" (citations omitted)).

### B. Standard For Decision On A Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the "court's general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter[.]").

---

4. Section 1038(b) provides that anyone violating the provisions of § 1038 "[i]s liable in a civil action to any party incurring expenses incident to any emergency or investigative response to that conduct, for those expenses." 18 U.S.C. § 1038(b).

5. Section 1038(c)(3) provides that: "An order of reimbursement shall, for the purposes of enforcement, be treated as a civil judgment." 18 U.S.C. § 1038(c)(3).

When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed.Cir. 1995). Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question, it [is] incumbent upon [plaintiff] to come forward with evidence establishing the court's jurisdiction.").

### C. Standing.

In addition to subject matter jurisdiction, a fundamental jurisdictional consideration for any federal court is whether the plaintiff has constitutional standing. *See Glass v. United States*, 258 F.3d 1349, 1355 (Fed.Cir.2001) ("The United States Constitution limits judicial power to the resolution of actual 'cases' or 'controversies.'"). Because the issue of standing implicates the court's constitutional authority, it cannot be waived or assumed. *See Willis v. Gov't Accountability Office*, 448 F.3d 1341, 1343–44 (Fed.Cir.2006).

For standing to be proper, "the party invoking federal jurisdiction bears the burden of establishing [its] elements." *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed.Cir.2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). A plaintiff must show that he or she suffered, "an injury-in-fact that is both fairly traceable to the challenged conduct of the defendant and likely redressable by a favorable judicial decision." *Figueroa v. United States*, 466 F.3d 1023, 1029 (Fed.Cir.2006). Although the United States Court of Federal Claims was created under Article I of the Constitution, it must apply the same standing requirements as courts created under Article III. *See* U.S. Const. art. III, § 2; *see also Anderson v. United States*, 344 F.3d 1343, 1350 n. 1 (Fed.Cir.2003) ("The Court of Federal Claims, though an Article I court, ... applies the same standing requirements enforced by other federal courts created under

Article III."). If plaintiffs fail to meet these requirements, they cannot be allowed to proceed. *Id.*

### D. Pleading Requirements Of A *Pro Se* Plaintiff.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (*pro se* complaints "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers." (quotation and citation omitted)). Indeed, it has been the tradition of the court to examine the record "to see if [a *pro se* ] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [the complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir.1995).

### E. The Court's Resolution Of The Government's July 5, 2007 Motion For Summary Dismissal.

#### 1. The United States Court of Federal Claims Does Not Have Jurisdiction to Adjudicate Criminal Claims.

Because this action is predicated upon an alleged criminal violation, it cannot be considered by the United States Court of Federal Claims. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994) (finding that the court lacked jurisdiction to consider plaintiff's criminal claims). As discussed above, the Tucker Act only confers jurisdiction upon this court to adjudicate claims for money damages against the Government arising out of the Constitution, an Act of Congress, any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort. *See* 28 U.S.C. § 1491.

Although Plaintiff has referred the court to a federal statute, as the Tucker Act requires, that statute does not provide a basis for jurisdiction in this court. *See Joshua*, 17

F.3d at 379. When looking at Congress' intent and the courts' interpretations of Section 1038, there is no question that it was designed to deal with criminal or terrorist hoaxes, and not with the issue asserted by Plaintiff. *See United States v. Davila,* 461 F.3d 298, 304 (2d. Cir.2006) (finding that Congress, in passing Section 1038, sought to address potential limitations in the existing law with respect to criminal hoaxes and terrorist threats); *United States v. Evans,* 478 F.3d 1332, 1343 (11th Cir.2007) (referencing Section 1038 as a criminal statute designed to prosecute those criminal and terrorist threats made against the country); *see also* H.R.Rep. No. 108–505, at 4, 7 (2004) (May 2004 Report of the House Judiciary Committee stating that "[n]either terrorism hoaxes nor the war time hoaxes are adequately covered by current Federal law," and that "[a] gap exists ... in the current law because it does not address a hoax related to biological, chemical or nuclear dangers where there is no specific threat").

Although 18 U.S.C. § 1038(b) provides a civil remedy, Plaintiff seemingly construes that provision as providing a general remedy for the distribution of false information not necessarily related to criminal activity. *See* Compl. ¶ 1. Because of the statute's plain language, however, this construction cannot stand. Section 1038(b) provides only a narrowly tailored civil remedy for "any party incurring expenses incident to any emergency or investigative response" to the criminal activity proscribed by the statute. *See* 18 U.S.C. § 1038(b). The statute does not establish the right to a general civil remedy for providing false information about government agencies. *Id.* Therefore, the provision acts only as an additional layer of enforcement against those who violate 18 U.S.C. § 1038(a)(1), and is not intended to represent a stand alone cause of action. *Id.* Accordingly, because the Complaint is predicated upon a criminal statute, it must be dismissed.

### 2. Plaintiff Also Fails To Meet Necessary Standing Requirements.

To establish standing, Plaintiff must show that he has suffered an "injury-in-fact" that is "an invasion of a legally protected interest." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). Even when lending deference to the Complaint, however, no such harm has been established. The Complaint does not allege any financial loss or injury that would constitute a claim for money damages against the Government.

Further, Plaintiff has no legally protected interest under this particular statute, considering his status as a private individual. The only entities entitled to recover under § 1038(c)(1) are those "state or local" governments, and "private not-for-profit organization[s]" that provide fire or rescue services. *See* 18 U.S.C. § 1038(b), (c)(1); *see also Willis v. GAO,* 448 F.3d 1341, 1344 (Fed.Cir. 2006) (holding that to have standing to bring a claim for monetary relief under a Federal statute, one must be within the class of persons for whom the statute is meant to provide legal relief). Because no harm has been shown, and because Plaintiff has provided the court with no indication that he qualifies to receive the monetary relief that the statute provides, he lacks standing. Accordingly, the Complaint must be dismissed.

### III. CONCLUSION.

For the aforementioned reasons, the Government's July 7, 2007 Motion for Summary Dismissal is granted. The Clerk of the United States Court of Federal Claims is directed to enter judgment for the Government.

**IT IS SO ORDERED.**